United States Court of Appeals,

Eleventh Circuit.

No. 97-2376

Non-Argument Calendar.

Marlene SOSA, Plaintiff-Appellant,

v.

AIRPRINT SYSTEMS, INC., a Florida corporation, Defendant-Appellee.

Jan. 28, 1998.

Appeal from the United States District Court for the Middle District of Florida. (No. 95-711-Civ-Orl-22), Anne C. Conway, Judge.

Before TJOFLAT, BARKETT and HULL, Circuit Judges.

PER CURIAM:

Appellant Marlene Sosa sued appellee Airprint Systems, Inc. ("Airprint"), her former employer, alleging violations of the Age Discrimination in Employment Act, 29 U.S.C. § 621, *et seq.* ("ADEA"), and the Florida Civil Rights Act of 1992, Fla. Stat. Ch. 760 ("FCRA"). The district court dismissed Sosa's case for lack of subject matter jurisdiction because Airprint had too few employees to be subject to the provisions of the ADEA and FCRA. Sosa does not challenge that ruling, but instead appeals the district court's denial of her motion to amend the complaint to add Viking Industries, Inc. as a second defendant.[1] The motion to amend argued that the Viking Industries and Airprint were so closely integrated that they could be considered a single employer and that the two companies together employed more than the jurisdictional minimum number of

---

[1]Initially, Sosa also sought review of the trial court's denial of her motion for relief pursuant to Fed.R.Civ.P. 60(b)(3). Because counsel for the parties now agree that we do not have jurisdiction to review the trial court's disposition of that motion, we do not address the merits of that issue.

employees. Noting that Sosa's motion to amend was filed well after the time prescribed by the court's scheduling order, the district court denied the motion as untimely.

District courts are required to "enter a scheduling order that limits the time to ... join other parties and to amend the pleadings ..." Fed.R.Civ.P. 16(b). Such orders "control the subsequent course of the action unless modified by a subsequent order," Fed.R.Civ.P. 16(e), and may be modified only "upon a showing of good cause." Fed.R.Civ.P. 16(b). This good cause standard precludes modification unless the schedule cannot "be met despite the diligence of the party seeking the extension." Fed.R.Civ.P. 16 advisory committee's note; *see also Johnson v. Mammoth Recreations, Inc.,* 975 F.2d 604, 609 (9th Cir.1992) ("If [a] party was not diligent, the [good cause] inquiry should end.").[2]

A district court's decision to enforce its pre-trial order will not be disturbed on appeal absent an abuse of discretion. *Santiago v. Lykes Bros. Steamship Co.,* 986 F.2d 423, 427 (11th Cir.1993). Because our review of the record reveals that Sosa failed to demonstrate good cause for belatedly amending her complaint, we find that the district court did not abuse its discretion and thus affirm the decision below.

The record makes clear that Sosa's failure to comply with the court's scheduling order

---

[2]In her motion for leave to amend, Sosa asked the district court to apply the "excusable neglect" standard found in Fed.R.Civ.P. 6(b). As we explain below, when a motion to amend is filed after a scheduling order deadline, Rule 16 is the proper guide for determining whether a party's delay may be excused. *See Johnson,* 975 F.2d at 609; *Anda v. Ralston Purina, Co.,* 959 F.2d 1149, 1155 (1st Cir.1992). However, even if we assume, *arguendo,* that excusable neglect under Rule 6(b) were the proper standard, we would affirm the district court's decision in this case. Given the length of Sosa's delay and the fact that it was within her control to name Viking Industries as a defendant well in advance of the scheduling order's deadline, the district court was authorized to conclude that Sosa's neglect was not excusable. *See Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. Partnership,* 507 U.S. 380, 395, 113 S.Ct. 1489, 1498, 123 L.Ed.2d 74 (1993) (relevant factors in evaluating excusable neglect include the length of the delay and whether the delay was within control of the movant).

resulted from a lack of diligence in pursuing her claim. First, despite Sosa's counsel's asserted familiarity and experience with the employee numerosity requirement under the ADEA and FCRA, counsel failed to ascertain the number of Airprint's employees before filing suit and took no steps to acquire this information early in the discovery period. Even in the face of Airprint's assertion in its answer that it "no longer has any employees," R.6-3, counsel waited some four months before propounding written discovery and took no oral depositions until nearly three months after the deadline for amending the complaint. Counsel thus left to chance a critical component of subject matter jurisdiction.

Second, the information supporting the proposed amendment to the complaint was available to Sosa even before she filed suit. Sosa's affidavit filed with the district court, in conjunction with her motion for leave to amend, indicates that she had been aware of the existence of Viking Industries since she began working for Airprint. Also, much of the evidence cited by counsel in support of the motion-*e.g.,* that Airprint and Viking Industries had a common principal address, CEO, President, Secretary, and Treasurer-was public information obtained from the Florida Department of State and was readily accessible to Sosa prior to initiating her action against Airprint.

Third, Airprint informed Sosa via interrogatory responses that it had not employed more than 20 employees during the relevant time period and that it was not an employer within the meaning of the ADEA or the FCRA. Despite receiving this information two weeks prior to the deadline for amending her complaint, Sosa waited approximately six months before taking steps to preserve her ability to assert a viable theory of subject matter jurisdiction.

Sosa's brief on appeal does not address good cause under Rule 16(b), but focuses instead upon the liberal amendment standard set out in Federal Rule of Civil Procedure 15(a). If Sosa's motion for leave to amend had been filed within the time prescribed by the scheduling order, Rule

15(a) would be our primary focus, as well.  However, because Sosa's motion to amend was filed after the scheduling order's deadline, she must first demonstrate good cause under Rule 16(b) before we will consider whether amendment is proper under Rule 15(a).  *Johnson,* 975 F.2d at 607-608; *Anda,* 959 F.2d at 1155.  If we considered only Rule 15(a) without regard to Rule 16(b), we would render scheduling orders meaningless and effectively would read Rule 16(b) and its good cause requirement out of the Federal Rules of Civil Procedure.

In light of Sosa's lack of diligence in protecting her rights, Sosa's attempt to add a defendant outside the time frame prescribed by the scheduling order was not supported by good cause.  The district court thus did not abuse its discretion by denying as untimely Sosa's motion for leave to amend her complaint.

AFFIRMED.