**Willie J. WILLIAMS, Plaintiff,**

v.

**The BALDWIN COUNTY COMMISSION; the Baldwin County Commission Members Individually and in Their Respective District Official Capacities; Samuel Jenkins, District One; Frank Burt, District Two; Hilo Middleton, District Three; Max Foreman, District Four; C. Dean Hansen, District Five; Joe Faust, District Six; Allen Perdue, District Seven; and the Probate Judge of Baldwin County, Alabama, Adrian Johns, Defendants.**

**Civ.A. No. 00–0082–CB–S.**

United States District Court,
S.D. Alabama,
Southern Division.

April 10, 2001.

Elizabeth A. Kleinberg, Maha S. Zaki, Southern Poverty Law Center, Montgomery, AL, Henry Brewster, Stein and Brewster, Mobile, AL, Willie J. Williams, pro se, Point Clear, AL, for plaintiff.

M. Kathryn Knight, Vickers, Riis, Murray & Curran, L.L.C., Mobile, AL, Carol J. Smith, Office of the Attorney General, State of Alabama, Montgomery, AL, for defendants.

### ORDER

BUTLER, Chief Judge.

This matter comes before this Court on the Plaintiff's *pro se* "Motion For A [sic] Certify Question To The Supreme Court Of Alabama" (Doc. 33), Plaintiff's *pro se* "Motion For Leave To Amend Complaint" (Doc. 40), "Response of Defendants To Plaintiff's Motion To Certify Question To The Supreme Court Of Alabama" (Doc. 41), "Response Of [*pro se*] Plaintiff To Defendants Response To Motion On Certifying Question To The Supreme Court of Alabama" (Doc. 50), Plaintiff's *pro se* "Motion For Leave To Amend Complaint" (Doc. 56), Plaintiff's *pro se* "Motion For Leave To Amend Complaint" (Doc. 59), "Objection By Defendants To Motion For Leave To Amend Complaint" (Doc. 66), "Defendants' Position On Need To Have Additional Evidence On A Hearing On The Merits" (Doc. 83), "Plaintiff's Statement Regarding Need To Have Additional Evidence On A Hearing On The Merits" (Doc. 84), Defendants' "Motion To Strike Plaintiff's Late Designation Of Experts And To Preclude Amendment Of The Complaint To Add Additional Parties" (Doc. 85), "Plaintiff's Statement Regarding Need To Have Additional Evidence On A Hearing On The Merits" (Doc. 87), Defendants' "Response To Second Statement Filed By Plaintiff Regarding Need To Have Additional Evidence On A Hearing On The Merits And Renewed Motion To Strike Plaintiff's Late Designation Of Experts And To Preclude Amendment Of The Complaint To Add Additional Parties" (Doc. 88), "Motion By Defendants For Summary Judgment" (Doc. 92–93), "Plaintiff's Opposition To Defendants' Motion For Summary Judgment" (Doc. 101), Plaintiff's "Motion To Dismiss Certain Claims" (Doc. 102), "Defendants Reply Brief" (Doc. 106), Defendants' "Motion To Strike Certain Of Plain-

tiff's Exhibits" (Doc. 107), and, "Plaintiff's Motion To Re–Open Discovery" (Doc. 110).

### I.  *Background*

On January 28, 2000, Plaintiff, initially proceeding *pro se*, filed his original Complaint in this Court.[1]  On October 17, 2000, Plaintiff, having obtained counsel and no longer proceeding *pro se*, filed his *third* motion for a preliminary injunction.[2]  On November 1, 2000,[3] this Court issued an order denying the Plaintiff's third motion for a preliminary injunction. (Doc. 82). At that time, this Court determined that the Plaintiff failed to make a threshold showing that he is substantially likely to succeed on the merits of his claims. *Id.* at 28–29.  However, this Court specified that "it does not reach the merits of the Plaintiff's claims" and ordered the parties to file pleadings, within twenty (20) days of the date of the issuance of the order, "to respond to this Court's suggestion that as to the merits of the case, additional testimony and/or trial may be unnecessary in light of the depth of exhibits already produced, and only that additional briefing may be required, to address the merits of this matter." *Id.* at 28 n. 25. Bearing this in mind, this Court now turns to the various pending motions and finds as follows.

### II.  *Discussion*

#### A.  *Need For Additional Testimony/Evidence Or Hearing On The Merits*

On November 21, 2000, the Defendants timely filed "Defendants' Position On Need To Have Additional Evidence On A Hearing On The Merits" (Doc. 83).  On November 22, 2000, the Plaintiff timely filed "Plaintiff's Statement Regarding Need To Have Additional Evidence On A Hearing On The Merits" (Doc. 84).  As such, it appeared that the parties correctly complied with this Court's Order and filed the requested pleadings.

---

1. Due to this Court's granting Plaintiff's motion to dismiss his state law claims included in Count One and Two, as noted herein, these allegations of his Complaint were not considered by this Court.

2. Plaintiff filed a first *pro se* motion for a preliminary injunction on March 15, 2000, as to the March 21, 2000, election as well as a second *pro se* motion for a preliminary injunction on May 2,

2000, containing similar Voting Rights Act allegations, concerning the June 6, 2000, and November 7, 2000, elections.  This Court denied the first motion as moot, and denied the second motion because the Plaintiff failed to make a threshold showing of a substantial likelihood of success on the merits.

3. Docketed on November 2, 2000.

### 1. *Repetitive Filings*

*However,* this Court notes that on January 2, 2001, to this Court's bewilderment, the *Plaintiff re-filed the same* [4] *pleading he had already filed* on November 22, 2000. As a result, this Court finds that several repetitive motions are due to be stricken and addresses the issue of the propriety of additional testimony and/or a hearing, accordingly.

■ Plaintiff's second filing of the same pleading is untimely. The Plaintiff was directed to file such a pleading within twenty (20) days from the date of the order denying an injunction—which he did in fact do. Because the Plaintiff already complied with this Court's Order, this Court is confused by the Plaintiff's re-filing of this pleading, simply some forty (40) days later. Additionally, the Plaintiff did not have leave of this Court to file such an additional pleading, as this Court's prior instruction was specific and limited as to the nature and due date of this filing. As such, because a district court may strike repetitive filings under FEDERAL RULE OF CIVIL PROCEDURE RULE 11 and here, due to the repetitive nature of the pleadings, such action is proper.

■ In light of the foregoing, this Court finds and it is hereby **ORDERED** that: the Plaintiff's motion (Doc. 87) is due to be **STRICKEN** because it is an unnecessary repetitive filing which has improperly consumed this Court's time; and, because the Plaintiff's motion (Doc. 87) prompted an additional and again, repetitive and unnecessary responsive filing by the Defendants (Doc. 88), this Court deems Doc. 88 **MOOT**, as to those portions which are in response to Doc. 87, or, which are a duplicate of their previous filing. Counsel is cautioned to avoid filing such repetitive pleadings in the future.

### 2. *Need For Additional Evidence/Hearing On The Merits*

■ A review of the record makes clear that additional testimony and/or trial is unnecessary in light of the depth of exhibits and evidence already produced and before this Court. Notably, Plaintiff's application for a preliminary injunction addressed only one issue—whether the Defendants violated the Voting Rights Act and/or the constitutional rights of the Plaintiff in de-activating the polling place at the Fairhope Vocational Instruction School—while the Plaintiff's Complaint alleges other causes of action that the parties have not yet briefed. Indeed, it seems that there is no need for a hearing as there is no reason why the merits of this case, which essentially raise one issue of law, cannot be addressed by briefs submitted by the parties. A hearing on the merits is unnecessary and unwarranted, as the relevant legal issues can, and have been at this time, encapsulated in a summary judgment motion.

Thus, in light of the foregoing, this Court **NOTES** the positions of both the Plaintiff and the Defendants regarding the need to hold a hearing on the merits of this case and finds, after careful consideration and a review of the record, that it is hereby **ORDERED** that the **Plaintiff's request for such a hearing** is due to be **DENIED**. There is presently no need for such a hearing due to the fact that the concerns referenced in the aforementioned filings have been similarly cited in the pending motion for summary judgment, opposition and reply thereto, which this Court finds a more appropriate means with which to address the respective parties' claims.

### B. *Motion To Strike Expert Designation & To Preclude Amendment Of Complaint*

Defendants request that this Court, pursuant to RULE 12(f) of the FEDERAL RULES OF CIVIL PROCEDURE, strike the Plaintiff's late designation of experts and preclude amendment of the Complaint to add additional parties as Plaintiffs. (Doc. 85).

Plaintiff had ample time to gather additional evidence and discovery. However, Plaintiff contends that he has been able to retain counsel with respect to only one (1) of

---

**4.** The title and text of Doc. 87 are identical to Doc. 84 and include the same material, verbatim, with the sole exception being that the footnotes included in Doc. 84 have been omitted in Doc. 87.

the many allegations pleaded in his initial *pro se* Complaint, so that he now wishes to amend his Complaint to drop all extraneous claims that are unrelated to the return of the South Side Black Community's neighborhood polling place as well as add other South Side Community voters as party plaintiffs to his Complaint.[5] Moreover, the Plaintiff claims he would seek the written agreement of the County to amend the *pro se* Complaint before moving to obtain leave of the Court. However, he has not done so. Additionally, as to the expert reports and testimony issue, the Plaintiff seeks to introduce evidence of the existence of the *Thornburg v. Gingles*, 478 U.S. 30, 106 S.Ct. 2752, 92 L.Ed.2d 25 (1986) factors—stating that he has recently retained three (3) experts: a statistician, a political scientist and a demographer.[6] Further, the Plaintiff also asserted that he would seek written agreement from the County regarding a mutually agreed upon schedule for the delivery of Plaintiff's expert reports and the production of such rebuttal reports as the County Defendants may deem necessary. (Doc. 84 at 2–3). However, he has not done so.

■ In reviewing motions to amend a complaint, this Court is guided by FED. R.CIV.P. RULE 15(a), which provides that amendments should be freely given. However, as set forth by *Sosa v. Airprint Systems, Inc.*, 133 F.3d 1417 (11th Cir.1998), while leave to amend may be freely given, parties are bound to comply with the requirements set forth by a court's RULE 16(b) scheduling deadlines.[7] Indeed, where a party seeks leave to amend *after* a scheduling order deadline has passed, as is the case here, that party must first demonstrate good cause for the tardy amendment under RULE 16(b) before a court can consider whether the proposed amendments are proper under RULE 15—namely "that extraordinary circumstances require it" and "that the parties have [already] diligently pursued discovery [prior to the request]." *See Sosa*, 133 F.3d at 1418; and (Doc. 65). This is the Plaintiff's present burden.

■ Here, as stated above, the Plaintiff "hinted," via footnote, to a future request to this Court to further amend his Complaint in an untimely fashion. However, quite to the contrary, at the RULE 16(b) scheduling conference, the Plaintiff advised this Court that he did not anticipate amending his Complaint to add any additional claims or parties. As such, this Court entered a RULE 16(b) Scheduling Order which provided that "[a]ny motion for leave to amend the pleadings ... must be filed on or before August 2, 2000" and that the deadline for the Plaintiff to provide the information required by RULE 26(a)(2) regarding his experts was October 31, 2000. (Doc. 65). The Plaintiff unexpectedly proceeded to then advise this Court on

---

5. Plaintiff asserts that he needs to complete pending depositions and take depositions of Defendants' witnesses (*i.e.*, Brewer, Samuel Jenkins, Adrian Johns, relatives of Mr. Jenkins, and employees of the U.S. Department of Justice who reviewed the Section 5 pre-clearance, etc.) which he has not had the opportunity to do because he only retained counsel less than 6 weeks before the November 2000 general election. Also, Plaintiff contends that a large number of black voters in the South Side Black Community wish to be added as parties or given the opportunity to testify and the Plaintiff seeks to provide Defendants with the opportunity to depose them. This Court finds this portion of the Plaintiff's argument unpersuasive at this time.

6. Plaintiff retained Dr. Steven P. Cole, statistician, to examine the election results in Baldwin County for the existence of legally significant polarized voting as required by the second and third prongs of the *Gingles* 3-part test. (Doc. 84 at 2). Plaintiff retained Dr. John Ruoff, a demographer, to examine the population distri-

bution and socio-economic conditions of the eligible black voters in the South Side Black Community. *Id.* Plaintiff retained Dr. Bob Holmes, a political scientist, to examine whether under the *Gingles* totality of circumstances test, the South Side Black Community has less opportunity to participate in the electoral process than their white counterparts and/or whether a hostile or intimidating voting environment was created. *Id.*

7. Pursuant to FED.R.CIV.P. RULE 16(b) district courts are required to enter a scheduling order that limits the time to join other parties and to amend the pleadings. Under FED.R.CIV.P. RULE 16(e), such orders "control the subsequent course of the action unless modified by a subsequent order," and may be modified only "upon a showing of good cause." *See* FED R.CIV P. RULE 16(b). Here, the original scheduling order has *not* been modified with the issuance of a subsequent order and there has not been a showing of good cause to do so.

November 21, 2000, *in a footnote to his position statement,* that he "seeks to amend and correct his underlying *pro se* Complaint prior to any further proceedings in this case" in that he seeks to add other South Side Community voters as party plaintiffs to his Complaint.[8]

■ Specifically, the Plaintiff suggests he might file a motion to amend his Complaint at any time. Indeed, such an amendment would be barred due to the Scheduling Order because it would be, as of the date of this Order, *over 200 days late.*[9] Because the RULE 16(b) deadline for filing amendments to the Complaint has long since expired, this Court presumes that all issues that might be raised in this action were already set forth in the Plaintiff's Complaint. In sum, because the Plaintiff's motion to amend was filed after this Court's RULE 16(b) scheduling order deadline, the Plaintiff has failed to demonstrate good cause under RULE 16(b), possible prejudice may result for this delay, and the Defendants object to such amendment,[10] the Plaintiff will not be permitted to amend the Complaint accordingly.

■ Moreover, regarding expert disclosures, because the RULE 16(b) deadlines passed on January 26, 2001, the Plaintiff, in order to disclose expert reports and other required information under RULE 26(a)(2), is required to seek leave of this Court to amend the RULE 16(b) scheduling order. To justify such amendment, the Plaintiff must also demonstrate good cause requiring it—Plaintiff has done neither. Indeed, the Plaintiff has failed to articulate any good cause for amending the Scheduling Order to provide expert reports and other evidence at this late date so that this Court does not find any valid reason to re-visit this deadline.

Thus, in light of the foregoing, this Court finds and it is hereby **ORDERED** that the Defendant's motion to strike Plaintiff's late designation of experts and to preclude amendment of the Complaint is due to be **GRANTED**; Plaintiff's designation of experts is thus **STRICKEN**.

### C. *Motion To Dismiss*

Pursuant to RULE 41(a)(2) of the FEDERAL RULES OF CIVIL PROCEDURE, the Plaintiff formally moves this Court to dismiss without prejudice the state law claims contained in Counts One and Two of the Complaint.[11] (Doc. 102). Plaintiff states that he has agreed to drop all extraneous claims in his *pro se* Complaint that are unrelated to the return of the South Side Black community's polling place. *Id.* Defendants agree that Plaintiff's claims extraneous to the polling place change, are due to be dismissed, because they fail to allege a case or controversy and are moot and that even if they are not moot, they fail to state a claim upon which

---

8. As already noted, the Plaintiff stated he would seek written agreement of the County to amend his Complaint before moving to obtain leave of this Court to do so; however, the Plaintiff did not do so. Plaintiff also states he has retained the services of 3 experts yet does not provide the information required under RULE 26(a)(2) for said experts; instead, again, Plaintiff informed this Court he would seek written agreement from the County as to a mutually agreed upon schedule for the delivery of these experts' reports. However, Plaintiff did not seek such agreement from the Defendants.

9. This does not include reference to the Plaintiff's earlier *pro se* motions to amend his *pro se* Complaint, filed on June 26, 2000, and July 17–18, 2000, because these motions did not seek to amend on the same grounds and because they appear to virtually ignore the substance and rulings of this Court's prior orders, already addressing the issues cited therein so they are found to be moot. (Docs. 40, 56, and 59).

10. This Court highlights for counsel that which the Eleventh Circuit noted in *Sosa:* "[w]hen a motion to amend is filed after a scheduling order deadline, Rule 16 is the proper guide for determining whether a party's delay may be excused." *See Sosa* (citing *Johnson,* 975 F.2d at 609; and, *Anda v. Ralston Purina, Co.,* 959 F.2d 1149, 1155 (1st Cir.1992)). "A district court's decision to enforce its pre-trial order will not be disturbed on appeal absent an abuse of discretion." *See id.* (citing *Santiago v. Lykes Bros. Steamship Co.,* 986 F.2d 423, 427 (11th Cir.1993)). Thus, such inattentiveness to this Court's RULE 16(b) Scheduling Order precludes the Plaintiff from amending his Complaint.

11. Count One alleges that Defendants violated ALA.CODE § 11–3–1 et *seq,* because the Defendants were limited to redistricting following the release of a federal decennial census. Count Two alleges that ALA.CODE § 11–3–1 is unconstitutionally vague, ambiguous, and can be construed to reach two opposing conclusions.

relief can be granted. (Doc. 92). As such, both parties agree that the state law claims set forth in these counts in the Plaintiff's *pro se* Complaint are due to be dismissed.

Thus, this Court finds and it is hereby **ORDERED** that the Plaintiff's motion to dismiss the state law claims from his Complaint is due to be **GRANTED** so that the state law claims included in Counts One and Two are dismissed.

### D. *Summary Judgment: Motion For Summary Judgment; Motion To Strike Plaintiff's Exhibits In Opposition;* [12] *Plaintiff's Motion To Re–Open Discovery*

Defendants move this Court to enter summary judgment in their favor on all remaining claims in Plaintiff's Complaint.

The Plaintiff's opposition to Defendants' motion and entire "new" argument, hinges on specific discovery (depositions and affidavits of both lay and expert witnesses) which he has obtained through *discovery initiated long after* the RULE 16(b) Scheduling Deadline (noted above) *and* entirely *without any leave of Court or permission to proceed with such discovery.* This particular and notable fact was brought to this Court's attention and emphasized through the Plaintiff's very own recently filed motion to re-open discovery. (Doc. 110).

On April 5, 2000, the Plaintiff moved this Court to re-open discovery. This action was taken not only post summary judgment filings, but post RULE 16(b) deadlines and only days before a Pretrial conference is scheduled to take place with trial of this matter merely weeks away. As grounds, the Plaintiff claims that he "believed that he had so previously moved, but he was alerted by Defendants that some error in filing may have inadvertently occurred ." (Doc. 110 at 1). *However,* there was no "error in filing" as Plaintiff alleges. Instead, such a motion was quite simply *never, at any time, filed with this Court.* Because no request to re-

open discovery was ever filed with this Court, it is clear that the Plaintiff's evidence, submitted with his Opposition to the pending summary judgment motion and argued throughout his various filings, consists of evidence obtained long after the deadlines established by this Court had expired and was engaged upon without permission from this Court and in direct violation of the RULE 16(b) Scheduling Order. As unfortunate as the result is for the Plaintiff, it does not matter that the Plaintiff "produced and tendered [his Opposition and evidence contained therein] with a belief that a proper motion to extend discovery was before the Court." It is the job of Plaintiff's counsel, and not this Court, to ensure that the appropriate motions are filed in a timely fashion, in order to Comply with the set deadlines thoughtfully established by this Court. Indeed, a review of the record and the numerous objections voiced by the Defendant in various filings based on timeliness (lack thereof) should have notified a diligent attorney that the motion had never been filed. It is by no means sufficient to merely attest (and claim as justification) to this Court that "Plaintiff was unaware that his Motion for Leave to Amend may not be pending before the Court. From January 2, 2001, until April 4, Plaintiff operated under this mistaken belief." (Doc. 110 at 2).

[10] Consequently, for reasons cited herein and additionally because the RULE 16(b) set the deadline of October 31, 2000, as the date by which all expert testimony disclosure had to be made, and January 26, 2001, as the date for the close of all discovery, this Court finds no extraordinary circumstances to amend the RULE 16(b) at this late time, to re-open discovery or admit additional expert or lay testimony. To obtain such an amendment to the scheduling deadlines carefully selected by this Court, the Plaintiff bore the burden to show extraordinary circumstances and that he diligently pursued discovery. Plaintiff has failed to meet this burden. Here, if the Plaintiff had diligently pursued

---

12. Due to this Court's granting Plaintiff's motion to dismiss his state law claims, this Court does not address further the Defendants' contentions requesting such dismissal which were set forth in the motion for summary judgment. Notably, this

Court has already made findings of fact that the Plaintiffs could not prove the essential elements of his claim, as stated in this Court's November 1, 2000 Order.

discovery and litigation of this case, the glaring fact that his motion to re-open discovery and/or amend the RULE 16(b) order had never been filed would have been noted and brought to this Court's attention at a much earlier date. Plaintiff has not demonstrated extraordinary circumstances and has instead demonstrated that he has not diligently pursued discovery and revealed that prejudice will be suffered by the Defendants if discovery is extended at this incredibly late date.

Thus, when viewing the Plaintiff's arguments and basis for their opposition, stripped of the information and evidence obtained through this improper discovery which this Court must do, the bare bones of their contentions readily crumble from insufficient support because their arguments simply return to what has become all too familiar ground. Indeed, the Plaintiff's claims merely re-run the same issues already raised and already ruled upon in his prior injunction motions and for which this Court has found no reasonable likelihood of success on the merits. Notably, when the dust clears from this additional discovery being excavated from the foundation of his argument, all that is left is simply the same material which was previously before this Court.

Finally, although this Court is of course cognizant of the importance of voting rights act cases, an Order dated November 1, 2000, already addressed and ruled upon the issues the Plaintiff continues to repetitively raise and at that time determined that the Plaintiff had not shown even a reasonable likelihood of success on the merits much less evidence to actually prevail on his contentions. Since that time, without the improper discovery the Plaintiff obtained in violation of the RULE 16(b) deadlines, nothing has changed, except that the conclusion of the November 7, 2000, election has rendered the Plaintiff's claims moot so that it is not likely that he will be able to prevail on his claims for permanent injunctive relief or declaratory relief on the sole issue which remains—the *very same issue he raised in his motion for preliminary injunction.*[13] It is not in the interests of judicial economy for this Court to continue to spend its limited time entertaining any further proceedings regarding this matter.

Thus, this Court finds and it is hereby **ORDERED** that the Defendant's motion for summary judgment is due to be **GRANTED** and the Defendant's motion to strike certain of Plaintiff's exhibits is also due to be **GRANTED**.

### III. *CONCLUSION*

In light of the foregoing and after careful consideration and an in-depth re-review of the record, this Court **ADOPTS** the rulings already stated herein and further finds and it is hereby **ORDERED** that as a result, the following motions are hereby **MOOT**: Plaintiff's *pro se* "Motion For A Certify Question To The Supreme Court of Alabama" (Doc. 33), Plaintiff's *pro se* "Motion For Leave To Amend Complaint" (Doc. 40), "Response of Defendants To Plaintiff's Motion To Certify Question To The Supreme Court Of Alabama" (Doc. 41), "Response of [*pro se*] Plaintiff To Defendants Response To Motion On Certifying Question To The Supreme Court of Alabama" (Doc. 50), Plaintiff's *pro se* "Motion For Leave To Amend Complaint" (Doc. 56), Plaintiff's *pro se* "Motion For Leave To Amend Complaint" (Doc. 59), and, "Objection by Defendants To Motion For Leave To Amend Complaint" (Doc. 66).

---

13. Notably, there is not another scheduled election until the primary elections for Governor in 2002 and at that time, a new redistricting and reapportionment plan will have already been adopted by the Baldwin County Commission and submitted to the U.S. Department of Justice for pre-clearance approval. The polling places designated by the Baldwin County Commission for future elections will be dependent upon the districts drawn after the Commissioner received the federal decennial Census figures for the 2000 Census and since the boundary lines for the seven (7) districts probably will change due to these figures, the precinct lines and polling places within those precincts may also change. As such, the Plaintiff is attempting to add parties and name experts with respect to an issue that is not yet ripe, insofar as it pertains to future elections.