**Catherine Nolen WHITE, etc., Plaintiff,**

v.

**VOLVO TRUCKS OF NORTH AMERICA, INC., et al., Defendants.**

**No. CIV.A. 01–A–1525–E.**

United States District Court, M.D. Alabama, Eastern Division.

Dec. 18, 2002.

Randall Stark Haynes, Larry Wade Morris, Nancy L. Eady, Morris, Haynes & Hornsby, Alexander City, AL, for plaintiff.

John C. Morrow, D. Christopher Carson, Geoffrey S. Bald, R. Frank Springfield, Burr & Forman LLP, H. Lanier Brown, II, Huie, Fernambucq & Stewart, Birmingham, AL, David R. Reed, Ann Marie Walsh, Lord, Bissell & Brook, Chicago, IL, for defendants.

### *ORDER*

ALBRITTON, Chief Judge.

This case is now before the court on the Motion to Strike (Doc. # 53), filed by the Defendants on November 15, 2002. The Defendants ask the court to strike Steve Alexander as an expert witness in this case, based on the untimeliness of his designation as an expert concerning economic damages. Plaintiff's Response (Doc. # 55) concedes the untimeliness of the designation, but urges that the witness be allowed to testify because of the lack of prejudice.

The various deadlines in this case, as in all other cases before this court, are governed by the Rule 16 Scheduling Order. Prior to entry of a scheduling order in this case, the parties were directed (Doc. # 12) to file a Report of Parties Planning Meeting suggesting various deadlines. The Report was filed on February 20, 2002, and in that Report the attorneys for all parties requested that reports from retained experts under Rule 26(a)(2) be due from the Plaintiff by July 1, 2002. The court agreed with that proposal, and the Uniform Scheduling Order which was entered on February 22, 2002 contained the following provision:

> **SECTION 8.** The parties shall disclose to each other the identity of ANY person who may be used at trial to present evi-

dence under rules 702, 703 or 705, and provide the reports of retained experts or witnesses whose duties as an employee of the party regularly involve giving expert testimony, required by Rule 26(a)(2) of the Federal Rules of Civil Procedure, as follows:

From the plaintiff(s)—**On or before July 1, 2002**

From the defendant(s)—**on or before September 1, 2002**

The parties shall comply fully with all requirements of Rule 26(a)(2) in regard to disclosure of expert testimony.

The scheduling order also contained this provision:

**SECTION 15.** If any party has an objection to these deadlines, the party should inform the Court within 14 days from the date of this Order; otherwise, the Court will assume that the deadlines are agreeable to all parties. Unless this Order be modified by subsequent Order of the Court, the provisions hereinabove set out are binding on the parties.

On July 26, 2002, the parties filed a Joint Motion to Extend Scheduling Order Deadlines (Doc. # 20), requesting, *inter alia,* that the court "change the deadlines in Section 8 with regard to the identities of expert witnesses from July 1 to September 1, 2002 for the Plaintiffs ...." The court granted that request by order entered on July 29, 2002, and extended the deadline for Plaintiff to September 1, 2002.

According to the allegations in the Defendants' Motion to Strike, which are not denied by the Plaintiff, Plaintiff did not disclose the identity of an expert regarding economic damages or provide any report by the September 1, 2002 deadline. On September 3, 2002, the Plaintiff identified Kelly J. Todd as an expert on economic damages, but did not produce any report from Kelly Todd. Therefore, Plaintiff failed to meet the deadline set by the Rule 16 Scheduling Order for identifying and producing a report from any expert who might testify at trial on economic damages. On October 21, 2002, Plaintiff, never having submitted a report, withdrew Kelly J. Todd as an expert and designated, for the first time, Steve Alexander as her economic expert, but did not produce any report. On the date of the Motion to Strike, November 15, 2002, Plaintiff had still produced no report from Mr. Alexander. Therefore, the designation of Steve Alexander as an expert witness on economic damages was identified seven weeks after the deadline for doing so, and the furnishing of a report was nearly eleven weeks past due at the time the motion was filed. Even if no earlier date for disclosure and submission of a report had been set by the court as authorized by Rule 26(a)(2)(C), *Fed.R.Civ.P.,* this identification and furnishing of report would have been late under that provision of the *Federal Rules.*

It has been the long-standing and consistent practice of this court to enter deadlines for disclosure of witnesses after obtaining proposals from counsel for the parties, and to then enforce those deadlines. The original deadline for disclosure of the identity of expert witnesses and the furnishing of reports was set on the date requested by counsel, including counsel for the Plaintiff. That deadline was then extended at Plaintiff's counsel's request, yet it was not met. Plaintiff's counsel has shown no reason that the deadline could not have been met with the exercise of due diligence, but merely argued that the Defendants have not been prejudiced. The Defendants contend strongly that they would, in fact, be prejudiced because the allowance of such late disclosure would substantially interfere with trial preparation. If this court were to allow such late disclosure under the facts in this case, it would be most difficult for the court to insist on compliance with deadlines set in its many other cases. Allowance of use of this expert witness in this case would, in effect, render such deadlines set in Rule 16 Scheduling Orders meaningless. Thus, the integrity of scheduling orders in all cases before the court, and not just in this case, is implicated.

The importance of observing deadlines contained in scheduling orders is recognized in Rule 16(b), where it is provided that "[a] schedule shall not be modified except upon a showing of good cause and by leave of the district judge ...." The Advisory Committee notes to Rule 16 point out that "The court may modify the schedule on a showing of good cause if it cannot reasonably be met despite the diligence of the party seeking the

extension." This comment was approved by the Eleventh Circuit Court of Appeals in the case of *Sosa v. Airprint Systems, Inc.,* 133 F.3d 1417, 1418 (11th Cir.1998), where in the analogous context of considering an untimely motion to amend the complaint within the time set in the scheduling order, the court, in affirming the enforcement of scheduling order deadlines, said: "This good cause standard precludes modification unless the schedule cannot 'be met despite the diligence of the party seeking the extension.'" Since there has been no showing that the Plaintiff could not have located, disclosed, and furnished a report from an economic expert by exercising due diligence during the period of over six months between the entry of the scheduling order and expiration of the deadline, there is simply no basis for this court not to enforce the deadline. Accordingly, it is hereby ORDERED as follows:

1. Defendants' Motion to Strike is GRANTED.

2. Plaintiff is precluded from calling Steve Alexander, or any other expert, to testify concerning economic damages at the trial of this case.