[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 19, 2005
THOMAS K. KAHN
CLERK

_____

No. 04-13626
Non-Argument Calendar

_____

D. C. Docket No. 03-00114-CV-2

PAUL LIR ALEXANDER,

Plaintiff-Appellant,

versus

AOL TIME WARNER, INC.,
RICHARD D. PARSONS, Chairman
and CEO of AOL Time Warner,
Inc.
WARNER BROTHERS,
BARRY MEYER, Chairman and CO
of Warner Brothers Entertainment,
PERMUT PRESENTATIONS,
DAVID PERMUT, Chairman and CEO
of Permut Presentations,
KENSINGTON PUBLISHING CORPORATION,
WALTER ZACHARIUS, Chairman and CEO
of Kensington Publishing Corporation,
STEVEN ZACHARIUS, President and COO of
Kensington Publishing Corporation,
GERALD SPEZIALE, JR.,
a.k.a. Jerry Speziale,

Defendants-Appellees.

_____

No. 04-13850
Non-Argument Calendar
_____

D. C. Docket No. 03-00114-CV-2

PAUL LIR ALEXANDER,

Plaintiff-Appellee,

versus

AOL TIME WARNER, INC.,
RICHARD D. PARSONS, Chairman
and CEO of AOL Time Warner,
Inc., et al.,

Defendants,

PERMUT PRESENTATIONS,
DAVID PERMUT, Chairman and CEO of
Permut Presentations,
KENSINGTON PUBLISHING CORPORATION,
WALTER ZACHARIUS, Chairman and CEO
of Kensington Publishing Corporation,
STEVEN ZACHARIUS, President and COO of
Kensington Publishing Corporation,
GERALD SPEZIALE, JR.,
a.k.a. Jerry Speziale,

Defendants-Appellants.

2

_____

Appeals from the United States District Court
for the Southern District of Georgia
_____

(May 19, 2005)


Before CARNES and PRYOR, Circuit Judges, and FORRESTER[*], District Judge.

PER CURIAM:

Paul Lir Alexander sued the defendants for negligence and public disclosure of private facts in connection with their writing, publication, and promotion of Without a Badge: Undercover in the World's Deadliest Criminal Organization.

The district court granted the defendants summary judgment in June 2004, concluding that Alexander was collaterally estopped from arguing that the First Amendment did not shield the defendants from liability. The basis for the court's collateral estoppel holding was its March 2004 judgment against Alexander in related litigation involving the book The Lost Son: A Life in Pursuit of Justice and another set of defendants. Alexander v. News Corp., No. CV 203-158 (S.D. Ga. Mar. 19, 2004).

On appeal in this case Alexander chose not to contest the district court's

_____

[*] Honorable J. Owen Forrester, United States District Judge for the Northern District of Georgia, sitting by designation.

3

collateral estoppel reasoning, except on the grounds that its judgment in the other case was wrong. He has effectively conceded that if the other judgment survives appeal, he is collaterally estopped from asserting that the district court's judgment against him on his negligence and public disclosure claims in this case was error. Appellant's Reply/ Cross-Appellee's Response Br. at 20 n.5. Another panel of this Court has now affirmed the district court's opinion in that other case, the one involving The Lost Son book. Alexander v. HarperCollins Publishers, Inc., No. 04-12801 (11th Cir. May 18, 2005). Accordingly, we affirm the district court's grant of summary judgment against Alexander on the two claims he had pleaded in this case. Given that, there is no need for us to reach the defendants' alternative arguments for affirming the judgment.

The remaining issue in this appeal is Alexander's contention that the district court abused its discretion in denying his motion for leave to amend his complaint. In January 2004 the district court granted Alexander's motion to modify its Fed. R. Civ. P. 16 scheduling order, extending the last day to file a motion to amend until March 5, 2004. On April 26, 2004, which is more than seven weeks after the extended deadline, Alexander filed his motion for leave to amend his complaint to, among other things, add new claims. The district court denied Alexander's motion because it was untimely.

4

Ordinarily, leave to amend is to be "freely given when justice so requires." Fed. R. Civ. P. 15(a); see also Forman v. Davis, 371 U.S. 178, 182, 83 S. Ct. 227, 230 (1962). However, when granting leave would require modifying a Rule 16 scheduling order, the movant must first show "good cause." Sosa v. Airprint Systems, Inc., 133 F.3d 1417, 1419 (11th Cir. 1998) ("If we considered only Rule 15(a) without regard to Rule 16(b), we would render scheduling orders meaningless and effectively would read Rule 16(b) and its good cause requirement out of the Federal Rules of Civil Procedure."); see also Fed. R. Civ. P. 16(b).

Some of the claims that Alexander wanted to add through the amendment are ones he said were based on the Cooperating Individual Agreement, which was produced in discovery after the deadline for amending had already passed. It borders on the frivolous to suggest, as Alexander does, that the Agreement is a contract between Alexander and Jerry Speziale. Speziale signed the form only as a witness. Futility of amendment is a proper reason for denying a motion for leave to amend. See Forman, 371 U.S. at 182, 83 S. Ct. at 230; Jameson v. Arrow Co., 75 F.3d 1528, 1534–35 (11th Cir. 1996).

The claims that Alexander wanted to add through the amendment that are not based upon his view of the Agreement are based upon facts that have been known to him along. Thus, there is no "good cause" for Alexander's failure to

5

have moved to amend his complaint to include these claims during the sixty days that the district court gave him to do so.  See Sosa, 133 F.3d at 1419; Jameson, 75 F.3d at  1535.  For these reasons, the district court did not abuse its discretion in denying Alexander's motion for leave to amend his complaint.

**AFFIRMED**.[1]

---

[1]  This case was originally docketed for oral argument, but the panel unanimously determined to decide it based on the briefs.  See 11th Cir. R. 34-3(f).