**Mark DONAHAY, and all others similarly situated, Plaintiff,**

v.

**PALM BEACH TOURS & TRANSPORTATION, INC., a Florida corporation, and John Critchett, an individual, Defendants.**

**No. 06 61279 CIV.**

United States District Court, S.D. Florida.

Aug. 10, 2007.

Chris Kleppin, Glasser, Boreth & Kleppin, P.A., Plantation, FL, for Plaintiff.

Charles Merrill Eiss, Law Offices of Charles Merrill Eiss, P.A., Weston, FL, for Defendants.

### OPINION AND ORDER

MARRA, District Judge.

This Cause is before the Court upon Defendants' Motion to Amend, filed May 1, 2007. (DE 45.) On May 19, 2007, Plaintiff filed his response. (DE 48.) Defendants filed their reply on May 23, 2007. (DE 49.) The Court has considered the motion, the responses, and is otherwise fully advised in

the premises. The matter is now ripe for review.

## I. Background

This is a civil action brought by Mark Donahay and others similarly situated against Defendants Palm Beach Tours & Transportation, Inc. ("Palm Beach Tours") and John Critchett for violations of 29 U.S.C. § 201 *et seq.,*the Fair Labor Standards Act, or FLSA, as follows.

Plaintiff Donahay worked as chauffeur for Palm Beach Tours' limousine service from November 2002 to November 2005 and alleges Defendants violated the FLSA when they failed to pay Plaintiff overtime compensation, waiting time, and on-call time (Count I) and failed to pay a wage rate/minimum wage to Plaintiff for hours worked without any compensation (Count II). Plaintiff filed his complaint on August 21, 2006. (DE 1.) On October 27, 2006, the parties submitted their joint scheduling report, agreeing that the deadline for amending the pleadings would be December 30, 2006. (DE 13.) On February 15, 2007, the Court granted the parties' request and issued its Scheduling Order. (DE 16.) Discovery was scheduled to end on July 23, 2007.

In Defendants' Motion to Amend, they seek to amend their answer and affirmative defenses by requesting a declaratory determination that the limousine drivers performing work are engaged in interstate commerce. Defendants amendment would encompass both the addition of affirmative defenses (Defendants qualify for an exemption from the FLSA) as well as a counterclaim (a declaration Defendants are engaged in interstate commerce and therefore are exempt from the jurisdiction of the Department of Labor.) Such a declaration, Defendants argue, would subject Plaintiff and those similarly situated to the Motor Carrier Act of 1935 and the power and regulations of the United States Department of Transportation. In support of the motion, Defendants argue that the facts relevant to the amendment are largely known to all parties and the allowance should not materially postpone the deadlines in the case. Defendants state, however, that they would not oppose a reasonable extension of the discovery period or other deadlines.

Plaintiff objects to the amendment, arguing that the deadline to amend pleadings has long since passed and Defendants have failed to show good cause for such a late amendment. Plaintiff argues that the motor carrier exemption is a complicated fact intensive issue that would entail substantial additional discovery. Plaintiff also asserts that the amendment would be futile and is more properly raised as an affirmative defense as opposed to a counterclaim. Plaintiff also cites to Defendants' discovery admissions that Plaintiff never drove across state lines while working for Defendants.

Defendants reply that a declaration that they are engaged in interstate commerce is essential to a determination of their right to equal protection under the United States Constitution. Defendants also argue that the issue of their engagement in interstate commerce could not have been discovered until a significant amount of discovery and research had been done. Further, Defendants assert Plaintiff will not suffer any prejudice and that the amendment is in the interest of judicial economy.

## II. Legal Standard

Rule 15(a) of the Federal Rules of Civil Procedure provides that a party may amend the party's pleading "by leave of court or by written consent of the adverse party" and that "leave shall be freely given when justice so requires." Fed.R.Civ.P. 15(a). In construing Rule 15(a), the Supreme Court has held that there must be a substantial reason to deny amendment. *Foman v. Davis,* 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962).

More than twenty years after the Supreme Court's decision in *Foman,* the 1983 Amendments to the Federal Rules of Civil Procedure altered Rule 16 to contain a provision restricting the timing of amendments. Fed.R.Civ.P. 16(b). Under Rule 16, district courts are required to "enter a scheduling order that limits the time to ... join other parties and to amend the pleadings ..." *Id.* The scheduling order "control[s] the subse-

quent course of the action" unless modified by the court. Fed.R.Civ.P. 16(e). As noted by one court, the scheduling order "is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril." *Gestetner Corp. v. Case Equipment Co.*, 108 F.R.D. 138, 141 (D.Me. 1985).

A scheduling order may be modified only upon a showing of good cause. *See United National Insurance Co. v. Owl's Nest of Pensacola Beach, Inc.*, No. 3:05CV374MCRMD, 2006 WL 1653380, *2 (N.D.Fla. June 8, 2006); *Sosa v. Airprint Systems, Inc.*, 133 F.3d 1417, 1418 (11th Cir. 1998). This good cause standard precludes modification unless the schedule cannot "be met despite the diligence of the party seeking the extension." Fed.R.Civ.P. 16 advisory committee's notes, *cited in Sosa*, 133 F.3d at 1418. In other words, good cause exists when evidence supporting the proposed amendment would not have been discovered in the exercise of reasonable diligence until after the amendment deadline had passed. *See Forstmann v. Culp*, 114 F.R.D. 83, 85–86 (M.D.N.C.1987). Moreover, even if the opposing party would not be prejudiced by the modification of a scheduling order, good cause is not shown if the amendment could have been timely made. *See Hayes v. Rule*, No. 1:03CV1196, 2005 WL 2136946, at *4 (M.D.N.C. August 19, 2005).

It has been held that a Court's evaluation of good cause is more stringent than its inquiry into the propriety of amendment under the more liberal Rule 15. *See Sosa*, 133 F.3d at 1418; *see also Forstmann*, 114 F.R.D. at 85. Thus, even if Defendants could demonstrate that the amendment is proper under Rule 15, the Court must first determine whether Defendants have shown good cause under Rule 16(b) because Defendants' Motion was filed *after* the scheduling order's deadline. *See Sosa*, 133 F.3d at 1419. In other words, the likelihood of obtaining permission to amend diminishes drastically after the court enters a scheduling order with deadlines for amendments that have expired.

## III. Discussion

Defendants fail to demonstrate good cause. Defendants' motion was filed over four months after the deadline to amend expired on December 30, 2006. Defendants assert that the issue they seek to advance could not have been discovered until after discovery had been conducted, but this argument is baseless. Defendants should have known from the outset of the case whether they do or do not engage in interstate commerce. Obtaining discovery from Plaintiff could not have aided them in this inquiry. Simply failing to plead as much in a timely fashion does not constitute good cause. The Court is unpersuaded that the addition of new claims at this late juncture will not require additional discovery or unnecessarily postpone the progression of the case. Defendants admit as much in the motion, stating that they would not be opposed to any extension of the discovery deadline. The Court finds good cause does not exist to disturb the present posture of the case with additional claims—claims that could have been timely pled—requiring further discovery and modification of the current scheduling order. Accordingly, it is **ORDERED and ADJUDGED** that Defendants' Motion to Amend **(DE 45)** is **DENIED.**