[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 11-15875
Non-Argument Calendar
_____

D.C. Docket No. 1:11-cv-00850-WSD


ALFONZA MCKEEVER,

                                                            Plaintiff-Appellant,

versus

LIBERTY MUTUAL GROUP INC.,
d.b.a. Liberty Mutual Insurance,
GEICO INSURANCE AGENCY, INC.,

                                                            Defendants-Appellees.


_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(August 16, 2012)

Before CARNES, WILSON and BLACK, Circuit Judges.

PER CURIAM:

Alfonza McKeever, proceeding *pro se*, appeals the district court's denial of his motion for leave to amend his amended complaint against Liberty Mutual Group, Inc. (Liberty Mutual).  McKeever filed an amended complaint in state court alleging defamation and slander against Liberty Mutual and GEICO Insurance Agency, Inc. (GEICO).  After the case was removed to federal court, the district court entered a scheduling order adopting May 15, 2011, as the deadline for amendments to pleadings.[1]  On June 16, 2011, Liberty Mutual and GEICO moved to dismiss the amended complaint for failure to state a claim.  McKeever's response, filed on June 30, 2011, conceded that his claims were time-barred, but also moved for leave to amend the amended complaint to add a claim for malicious prosecution against Liberty Mutual.  The district court denied McKeever's motion because he did not demonstrate "good cause" for failing to comply with the scheduling order's deadline for amendments and, alternatively, because McKeever's proposed amendment would have been futile.  We affirm.

We review the denial of a motion for leave to amend a complaint for abuse of discretion.  *Covenant Christian Ministries, Inc. v. City of Marietta*, 654 F.3d

---

[1] The parties proposed the May 15 deadline in their joint preliminary report and discovery plan.

1231, 1239 (11th Cir. 2011).  "A plaintiff seeking leave to amend its complaint after the deadline designated in a scheduling order must demonstrate 'good cause' under Fed. R. Civ. P. 16(b)."  *S. Grouts & Mortars, Inc. v. 3M Co.*, 575 F.3d 1235, 1241 (11th Cir. 2009).  Here, McKeever moved for leave to amend his amended complaint on June 30, 2011, over six weeks after the May 15, 2011 deadline adopted by the district court's scheduling order.  McKeever's counseled motion for leave to amend, however, did not even attempt to demonstrate "good cause" for his failure to comply with the scheduling order.  Without any explanation, McKeever simply stated that there was no "undue delay."

The district court did not abuse its discretion in denying McKeever's belated motion for leave to amend his amended complaint because McKeever did not demonstrate "good cause" for his failure to comply with the scheduling order.  *See id.* at 1243 (upholding district court's denial of motion to amend where the plaintiff failed "to show good cause why it did not amend its complaint before the amendment deadline imposed in the scheduling order or during extensions of that deadline"); *see also Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1418 (11th Cir. 1998).  Because we affirm the district court's denial of McKeever's motion for leave to amend on this ground, we need not consider whether McKeever's proposed amendment would have been futile.

3

**AFFIRMED.**

4