**Yaima SANCHEZ, individually and on behalf of all others similarly situated, Plaintiff,**

v.

**H & R MAINTENANCE, L.C. and Lucrecia Gonzalez, individually, Defendants.**

No. 13–20973–Civ.

United States District Court, S.D. Florida.

Oct. 21, 2013.

Brian Jay Militzok, Militzok & Levy, P.A., Hollywood, FL, for Plaintiff.

Anthony Joseph Perez, Anthony J. Perez, PA, Miami, FL, Daniel Albert Krawiec, II, Hinshaw & Culbertson LLP, Fort Lauderdale, FL, for Defendants.

### ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO AMEND PLAINTIFF'S AMENDED COMPLAINT TO ADD NECESSARY PARTIES

MARCIA G. COOKE, District Judge.

THIS MATTER is before me upon Plaintiff's Motion for Leave to Amend Plaintiff's Amended Complaint to Add Necessary Parties ("Motion for Leave to Amend") (ECF No. 28). Defendants filed their Response to Plaintiff's Untimely Motion for Leave to Amend Plaintiff's Amended Complaint to Add Necessary Parties (ECF No. 29). Plaintiff did not reply to Defendants' response in opposition, and the time to do so has expired. Therefore Plaintiff's Motion for Leave to Amend is fully briefed and ripe for adjudication. For the reasons provided herein, Plaintiff's Motion for Leave to Amend is denied.

### LEGAL STANDARD

Rule 15 of the Federal Rules of Civil Procedure provides that a plaintiff may amend his or her complaint once as a matter of course within twenty-one days after serving it or within twenty-one days after the earlier of service of the responsive pleading or service of a motion under Rule 12(b), (e), or (f). Fed.R.Civ.P. 15(a)(1). Thereafter, a plaintiff may amend his or her complaint only with the opposing party's written consent or the court's leave. Fed.R.Civ.P. 15(a)(2).

 Generally, district courts are encouraged to "freely give leave when justice so requires." Fed.R.Civ.P. 15(a)(2); *126th Ave. Landfill, Inc. v. Pinellas County, Florida,* 459 Fed.Appx. 896, 897 n. 1 (11th Cir. 2012). "However, where a party's motion to amend is filed after the deadline for such

motions, as delineated in the court's scheduling order, the party must show good cause why leave to amend the complaint should be granted." *Smith v. Sch. Bd. of Orange Cnty.*, 487 F.3d 1361, 1366 (11th Cir.2007) (citing Fed.R.Civ.P. 16(b); *Sosa v. Airprint Systems, Inc.*, 133 F.3d 1417, 1419 (11th Cir. 1998)). "To do otherwise 'would render scheduling orders meaningless and effectively would read Rule 16(b) and its good cause requirement out of the Federal Rules of Civil Procedure.'" *E.E.O.C. v. Exel Inc.*, 259 F.R.D. 652, 654 (N.D.Ga.2008) (quoting *Sosa*, 133 F.3d at 1419). The good cause standard enunciated in Rule 16(b) "precludes modification unless the schedule cannot 'be met despite the diligence of the party seeking the extension.'" *Sosa*, 133 F.3d at 1418 (citing Fed.R.Civ.P. 16 advisory committee's note). "A finding of lack of diligence on the part of the party seeking modification ends the good cause inquiry...." *Lord v. Fairway Elec. Corp.*, 223 F.Supp.2d 1270, 1277 (M.D.Fla. 2002) (citing *Sosa*, 133 F.3d at 1418).

■ A district court's denial of a party's motion to amend will only be reversed on appeal "in instances in which the district court has clearly abused its discretion." *Smith*, 487 F.3d at 1366; *see also McKeever v. Liberty Mut. Grp. Inc.*, 487 Fed.Appx. 487, 488 (11th Cir.2012) ("We review the denial of a motion for leave to amend a complaint for abuse of discretion.").

### DISCUSSION

The scheduling order in this matter set June 24, 2013 as the deadline for joinder of parties and claims and amendment of pleadings. *See* Am. Order Setting Civil Trial Date & Pretrial Deadlines, ECF No. 18. Yet, Plaintiff did not file the instant Motion for Leave to Amend until September 27, 2013—three months after the deadline passed—because, according to Plaintiff, prior to September 26, 2013, Defendants had not raised a jurisdictional issue, and therefore, Plaintiff had no reason to suspect that she sued the wrong entity. Pl.'s Mot. Leave Amend at 2–4.

■ The record reveals, and Plaintiff does not contest, that she exercised little to no diligence in first, recognizing that Defendants indeed raised a jurisdictional issue, and second, ascertaining the proper and/or possible parties to this action, which underlies Plaintiff's desire to amend her Amended Complaint. "In *Sosa*, the court considered three factors in assessing diligence exercised in meeting the deadline set in the scheduling order for amending the complaint: 1) the plaintiff failed to ascertain facts prior to filing the complaint and to acquire information during the discovery period; 2) the information supporting the proposed amendment was available to the plaintiff; and 3) even after acquiring information, the plaintiff delayed in asking for amendment." *Lord*, 223 F.Supp.2d at 1277.

Here, the same considerations counsel toward denying Plaintiff leave to amend to add additional parties. First, Plaintiff was aware that the parties whom she now seeks to add were possible parties prior to filing her original complaint, or at the latest, one month prior to the amendment deadline. Plaintiff moves to amend her Amended Complaint to add Bristol NMB Partners Limited and Bristol NMB, LLC, arguing that she "just recently became aware that the monthly rent checks were actually being drafted to" the former entity, which is owned by the latter entity. Yet, Plaintiff's deposition testimony and behavior flatly negate this contention.

In her deposition, Plaintiff testifies that she was aware when she collected the rental checks during the scope of her employment that they were made payable to Bristol House Apartments. Sanchez Dep. 14:17–24, 111:5–10, Sept. 30, 2013. Also, during the time of her employment, Plaintiff was aware that the Miami–Dade County fire permits, which she was responsible for maintaining, were written to Bristol NMB Partners Limited. *Id.* at 78:10–79:6. Plaintiff's counsel produced these same permits on May 16, 2013—more than a month before the amendment deadline—as supporting documentation to Plaintiff's Statement of Claim. *See* Email from Brian Militzok to Joann Schoonbeck (May 16, 2013, 17:38 EDT), ECF No. 29–6. Therefore, Plaintiff had full knowledge that Bristol NMB Partners Limited and Bristol NMB, LLC may be necessary parties as

Plaintiff's potential employer prior to the amendment deadline based on her theory that since she was paid only with lodging, the entity to which rent was being paid is her employer. Furthermore, had Plaintiff served discovery upon Defendants prior to the amendment deadline, she may have learned the proper and/or potential parties in sufficient time to seek amendment of her complaint under the more lenient Rule 15(a) standard. Such lack of diligence is not rewarded under Rule 16(b).

Moreover, as demonstrated in the record, Plaintiff had in her possession all information needed to seek this very amendment, yet delayed in so moving. Plaintiff was on notice that Defendants contested enterprise jurisdiction on June 4, 2013 when Defendants filed their Answer. *See* Answer & Aff. Defenses Pl.'s Compl. ¶¶ 9–10, ECF No. 22. Defendants reinforced this denial when, during discovery, they asked Plaintiff for facts supporting the existence of enterprise coverage. *See* Defs.' First Set of Interrogatories to Pl. No. 16, ECF No. 29–1. Even if a jurisdictional challenge was not raised, as explained above, Plaintiff nevertheless had reason to suspect that Bristol NMB Partners Limited and Bristol NMB, LLC were necessary parties to be added to this action based upon her own theory of recovery.

Following a review of the record and the parties' arguments, it is clear that with appropriate diligence, Plaintiff could have sought amendment of the Amended Complaint prior to the deadline set forth in the Amended Order Setting Civil Trial Date and Pretrial Deadlines. *See Sosa*, 133 F.3d at 1418. She failed to do so.

### CONCLUSION

Having determined that Plaintiff lacked diligence in discovering and utilizing the information that forms the basis for seeking leave to amend, the good cause inquiry required by Rule 16(b) ceases. *Lord*, 223 F.Supp.2d at 1277. Without a demonstration of good cause, leave to amend after the time to do so has expired need not be granted. *Sosa*, 133 F.3d at 1418.

Accordingly, it is **ORDERED and AD-JUDGED** that Plaintiff's Motion for Leave to Amend Plaintiff's Amended Complaint to Add Necessary Parties (ECF No. 28) is **DE-NIED.**