**Cory MOYER, Plaintiff,**

v.

**WALT DISNEY WORLD CO., Defendant.**

**No. 6:98CV1230ORL18B.**

United States District Court,
M.D. Florida,
Orlando Division.

Oct. 3, 2000.

Anthony J. Brady, Jr., Law Office of Anthony J. Brady, Jr., Jupiter, FL, for Laurence McIver, Cory Moyer, plaintiffs.

Brian C. Blair, Greenberg Traurig P.A., Orlando, FL, for Walt Disney Company, defendants.

## ORDER

G. KENDALL SHARP, Senior District Judge.

THIS CAUSE came before the Court upon Defendant Walt Disney World's motion for summary judgment (Doc. 34) and Plaintiff's motion for leave to file an amended complaint (Doc. 44). After reviewing the record and governing law, the Court concludes that Plaintiff's motion must be **DENIED**, and Defendant's motion must be **GRANTED IN PART** and **DENIED IN PART**.

## I. BACKGROUND

### A. *Plaintiff's Allegations*

Plaintiff Cory Moyer is a disabled wheelchair user who visited Defendant's EPCOT Center theme park sometime "around 1997." (Doc. 10 at 3); (Doc. 38 at 26.) During his visit, Plaintiff encountered multiple ADA[1] violations including noncompliant bridge slopes, bathroom facilities, and cart vendor counter heights. (Doc. 38 at 45–46.) Additionally, Defendant denied Plaintiff access to three unnamed "rides" because Plaintiff was physically unable to transfer from wheelchair to

---

1. Americans With Disabilities Act, 42 U.S.C. §§ 12101, et.seq.

ride vehicle in a timely manner. (*Id.* at 47.)

### B. Procedural History

Plaintiff filed this action to remedy various ADA violations allegedly existing at Defendant's EPCOT Center, Animal Kingdom, Boardwalk Hotel, and Pleasure Island (including the Village Market Place, and Disney's West Side). (Doc. 10 at 1, 3.) In terms of relief, Plaintiff seeks a declaration that the challenged facilities violate the ADA, an injunction prohibiting the same, attorneys' fees, and costs. (*Id.* at 5–8.)

Although Plaintiff effected service on Defendant in December 1998, proof of service was not timely filed in the court record. *See* Fed.R.Civ.P. 4(*l*) ("If service is not waived, the person effecting service shall make proof thereof to the court.") As a result, the Court ordered Plaintiff to show cause why this action should not be dismissed for failure to timely effect proper service under Fed.R.Civ.P. 4(m). (Doc. 8.) Although the Court ordered Plaintiff to respond by March 24, 1999, Plaintiff did not respond until March 31, 1999, without having moved for an extension of time under Fed.R.Civ.P. 6(b). (Docs.8–9.) Because Defendant was properly served, the Court allowed this action to proceed. (Doc. 9, Exhibit 1.)

On June 30, 1999, the Court ordered Plaintiff to show cause why this action should not be dismissed for lack of prosecution due to the non-filing of a Case Management Report. (Doc. 13.) Again, Plaintiff failed to timely respond without moving for an extension of time. (Docs.13, 14.) Despite Plaintiff's questionable excuse (counsel on vacation), the Court again allowed this action to continue. (Doc. 14 at 2, ¶ 10.)

Ultimately, the parties filed a Case Management Report on July 26, 1999. (Doc. 15.) On August 9, 1999, the Court entered a Case Management and Scheduling Order "to control the balance of this proceeding" and setting the cutoff date for the filing of motions to amend the pleadings at October 27, 1999, over one year ago. (Doc. 16 at 1.)

Five months into this action, Plaintiff filed an amended complaint certifying to the Court that he personally experienced multiple ADA violations at Defendant's Animal Kingdom (count II), EPCOT Center (count III), Pleasure Island (count III), Boardwalk hotel (count VII), and MGM Studios (count VII). (Doc. 10 at 5–8.) *See* Fed.R.Civ.P. 11(b) (Representations to Court). Counts V and VI are poorly pled, global incorporations of prior counts.

### C. Plaintiff's Deposition

Defendant deposed Plaintiff in Orlando, Florida, on March 20, 2000. (Doc. 38.) Plaintiff arrived a few days early to enjoy a "mini vacation" at Defendant's EPCOT Center, Animal Kingdom, Pleasure Island, and the Boardwalk Hotel. (*Id.* at 40–42, 57.) In no uncertain terms, Plaintiff admitted this was the first time he ever visited Animal Kingdom, Pleasure Island, and the Boardwalk Hotel. (*Id.*) Plaintiff's admissions directly contradict the representations in his original and amended complaints.

## II. ISSUES

Defendant moves for summary judgment for lack of standing on Plaintiff's claims regarding Animal Kingdom, Pleasure Island, and Boardwalk Hotel. (Doc. 34.) Because standing is determined as of the date suit is filed, the argument runs, Plaintiff only has standing to challenge the alleged 1997 EPCOT Center violations.

In response, Plaintiff invokes the "futile gesture" exception to excuse his failure to visit all facilities prior to filing suit. (Doc. 43.) *See* 42 U.S.C. § 12188(a)(1). Alternatively, Plaintiff moves for leave to

amend his complaint to assert claims based upon his subsequent "mini vacation" and to delete various erroneous allegations. (Doc. 44.)

Should Plaintiff's motion for leave to amend be granted, Defendant's motion for summary judgment must fail. As a result, the Court first decides whether leave to amend is warranted.

## III. PLAINTIFF'S MOTION FOR LEAVE TO AMEND

■ Plaintiff moves for leave to amend his complaint under Fed.R.Civ.P. 15(a) (leave to amend "shall be freely given when justice so requires.") Specifically, Plaintiff seeks to add claims for the "continuing discrimination" he suffered during his March 2000 "mini vacation," as well as allegations displaying his intent to return to Defendant's facilities in February, 2001. (Doc. 44 at 2.) Further, Plaintiff seeks "to amend his complaint to reflect that the original complaint was in error when he alleged he had visited the Defendants' theme parks that were Animal Kingdom and Pleasure Island." (*Id.*) Noticeably, however, Plaintiff fails to include the Boardwalk Hotel in his list of false allegations. (*See Plaintiff's Deposition*, Doc. 38 at 126) ("Q: And Prior to March 19, 2000, had you ever visited the Boardwalk before? A: No.")

■ Because Plaintiff's motion to amend was filed after the Scheduling Order deadline expired, Plaintiff must first show good cause under Fed.R.Civ.P. 16(b) before leave to amend may be granted under Fed.R.Civ.P. 15(a). *See Sosa v. Airprint Systems, Inc.*, 133 F.3d 1417, 1419 (11th Cir.1998) (per curiam). Rule 16 requires the Court to "enter a scheduling order that limits the time to . . . amend the pleadings[.]" Fed.R.Civ.P. 16(b)(1). Once entered, the scheduling order "shall control the subsequent course of the action unless modified by a subsequent order,"

Fed.R.Civ.P. 16(e), and "shall not be modified except upon a showing of good cause." Fed.R.Civ.P. 16(b). "This good cause standard precludes modification unless the schedule cannot 'be met despite the diligence of the party seeking the extension.'" *Sosa*, 133 F.3d at 1418 (citation omitted). No diligence, no good cause, no leave to amend.

A Scheduling Order "is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril." *Payne v. Ryder Sys., Inc. Long Term Disability Plan*, 173 F.R.D. 537, 540 (M.D.Fla.1997), *quoting Forstmann v. Culp*, 114 F.R.D. 83, 85 (M.D.N.C.1987). Recognizing the perils of disorderly litigation, "[t]he Eleventh Circuit has consistently held that motions filed after a deadline imposed by a court should be denied as untimely." *Id.*

In support of his motion to amend, Plaintiff first argues that amendment will not prejudice Defendant. (Doc. 44 at 2, ¶ 8.) Next, Plaintiff advances the equitable arguments that amendment shall serve "the interests of justice" and will "conserve valuable judicial resources." (*Id.*, ¶ 9.) Finally, Plaintiff asserts (but does not develop) that amendment is justified because Defendant has not yet produced its expert's report. (*Id.*, ¶ 10.)

The Court finds that Plaintiff was far from diligent in attempting to comply with the Court's Scheduling Order deadline. In fact, the record reveals Plaintiff's pattern of dilatory conduct throughout this action. *See Procedural History, supra* at 2–3. Plaintiff's arguments in support miss the mark—prejudice to Defendant is immaterial, and equity, if considered, weighs heavily in Defendant's favor.

By presenting Plaintiff's pleadings to the Court, counsel for Plaintiff certified that to the best of his "knowledge, information, and belief, formed after an inquiry

reasonable under the circumstances ... the allegations and other factual contentions have evidentiary support[.]" *See* Fed.R.Civ.P. 11(b)(3). *See Pelletier v. Zweifel,* 921 F.2d 1465, 1514 (11th Cir. 1991) (Rule 11 sanctions warranted "when a party files a pleading that has no reasonable factual basis.")

To be sure, a reasonable inquiry would have revealed the falsity of Plaintiff's allegations as to Animal Kingdom, Pleasure Island, and Boardwalk Hotel. Either counsel for Plaintiff failed to ask, else Plaintiff answered incorrectly when asked. But for these false allegations, the scope of Plaintiff's standing likely would have been resolved early in a discovery dispute. Plaintiff's false allegations needlessly expanded discovery, increased litigation costs, and squandered judicial resources. Equity is not in Plaintiff's corner.

The Scheduling Order deadline has long passed, discovery is closed, and Defendant's motion for summary judgment is ripe for resolution. *See Local 472 of the United Ass'n of Journeymen v. Georgia Power Co.,* 684 F.2d 721, 724–25 (11th Cir.1982) (affirming district court's denial of motion to amend where it "appear[ed] to be nothing more than an effort to avoid an adverse summary judgment ruling[.]") There being no good cause shown, Plaintiff's motion for leave to amend must be DENIED.

## IV. DEFENDANT'S MOTIONS FOR SUMMARY JUDGMENT

### A. Standing

■ Defendant moves for summary judgment on the ground that Plaintiff lacks standing in this action to litigate his claims regarding Animal Kingdom, Pleasure Island, and Boardwalk Hotel because Plaintiff never visited those facilities prior to filing his complaint. (Doc. 34.) *See* Fed.R.Civ.P. 56(c); *Celotex Corp. v. Ca-*

*trett,* 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

■ As the party invoking federal jurisdiction, Plaintiff has the burden of establishing standing to litigate his asserted claims. *See Lujan v. Defenders of Wildlife,* 504 U.S. 555, 561, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992). "Of the various Article III doctrines that serve to define and limit the role of the federal judiciary in our system of government, 'perhaps the most important' is standing." *Jones v. Cavazos,* 889 F.2d 1043, 1046 (11th Cir.1989), *quoting Allen v. Wright,* 468 U.S. 737, 750, 104 S.Ct. 3315, 82 L.Ed.2d 556 (1984). Indeed, "[t]he constitutional and prudential limits which counsel a federal court against exercising its judicial power reflect the separation of powers principle on which the federal government is based." *Id.* at 1045.

■ The existence of standing is determined as of the date suit is filed. *See Lujan,* 504 U.S. at 569 n. 4, 112 S.Ct. 2130. And the "requisite personal interest that must exist at the commencement of the litigation (standing) must continue throughout its existence (mootness)." *Friends of the Earth, Inc. v. Laidlaw Envtl. Serv., Inc.,* 528 U.S. 167, 120 S.Ct. 693, 709, 145 L.Ed.2d 610 (2000). Belated efforts to bolster standing are futile.

■ Standing does not turn on the "intensity of the litigant's interest or the fervor of his advocacy." *Valley Forge Christian College v. Americans United For Separation of Church and State, Inc.,* 454 U.S. 464, 486, 102 S.Ct. 752, 70 L.Ed.2d 700 (1982). Instead, to satisfy constitutional limitations, Plaintiff must show an injury in fact, causation, and redressability. *See Jairath v. Dyer,* 154 F.3d 1280, 1283 n. 8 (11th Cir.1998) (ADA case), *citing Lujan,* 504 U.S. at 560, 112 S.Ct. 2130.

■ To satisfy the injury in fact element, Plaintiff must have suffered an inju-

ry that is concrete, particularized, and "actual or imminent." *Lujan,* 504 U.S. at 560, 112 S.Ct. 2130. Hypothetical injuries are insufficient. *Id.*

On the date suit was filed, Plaintiff had never visited Animal Kingdom, Pleasure Island, or Boardwalk Hotel. Hence, Plaintiff's claims as to these facilities were purely conjectural at the commencement of this action.

Plaintiff seeks to excuse his failure to visit these facilities by invoking the "futile gesture" exception codified at 42 U.S.C. § 12188(a)(1). This exception provides that: "Nothing in this section shall require a person with a disability to engage in a *futile gesture* if such person has *actual notice* that a person or organization covered by this subchapter does not intend to comply with its provisions." 42 U.S.C. § 12188(a)(1) (emphasis added).

In support, Plaintiff declares that requiring him to "personally visit each inaccessible attraction is not only absurd as a practical matter but would also constitute the ultimate in futile gestures. It would ... make him subject himself to the humiliation of explicit and certain rejection." (Doc. 43 at 10) (internal quotes and citation omitted).

Plaintiff's argument flunks for want of consistency: Either it is humiliating for Plaintiff to visit Defendant's facilities, or it is not. Either Defendant's facilities are accessible to Plaintiff, or they are not. Plaintiff visited Defendant's facilities in 1997, revisited them in 2000, and allegedly plans to re-revisit them in 2001. Given his course of conduct, Plaintiff's conclusory assertion that it would have been a humiliatingly futile gesture for him to visit the subject facilities in 1997 is unavailing. Moreover, Plaintiff offers no evidence save inadmissible hearsay to show "actual notice" of the alleged ADA violations at Animal Kingdom, Pleasure Island, and Board-

walk Hotel. Hence, the "futile gesture" exception is inapplicable on these facts.

Based upon the foregoing, the Court holds that Plaintiff only has standing in this action to challenge the alleged ADA violations he personally encountered at EPCOT Center in 1997.

### B. Statute of Limitations

■■ Next, Defendant moves for summary judgment on the ground that Plaintiff's EPCOT Center claims are time-barred under Florida's personal injury statute of limitations. *See* F.S.A. § 95.11(3). "Claims of discrimination accrue when the plaintiff is informed of the discriminatory act." *See Everett v. Cobb County School District,* 138 F.3d 1407, 1409–10 (11th Cir.1998). Plaintiff was informed of the alleged EPCOT violations sometime "around 1997," (Doc. 38 at 26), and filed suit in November 1998. Applying Florida's four-year statute of limitations, as Defendant urges, the Court finds that Plaintiff's claims were timely filed. *See* F.S.A. § 95.11(3). Accordingly, Defendant's motion for summary judgment as to EPCOT Center must be denied.

### IV. CONCLUSION

1) Plaintiff's motion for leave to amend (Doc. 44) is hereby **DENIED**;

2) Defendant's motion for summary judgment for lack of standing (Doc. 34) as to Animal Kingdom, Pleasure Island, and Boardwalk Hotel is hereby **GRANTED**;

3) Defendant's motion for summary judgment (Doc. 34) as to EPCOT Center is hereby **DENIED** on all grounds;

4) Defendant's motion for leave to file a reply brief in support of its motion for summary judgment (Doc. 42) is hereby **GRANTED**; and

5) Plaintiff Cory Moyer and counsel for Plaintiff, Anthony Brady, are hereby **ORDERED TO SHOW CAUSE** why sanc-

tions should not be imposed under Fed. R.Civ.P. 11 for making false allegations regarding Animal Kingdom, Pleasure Island, and Boardwalk Hotel within eleven (11) days of the entry of this **ORDER.**