**Leona GUTHERMAN, Frederick Shotz, Access Now, Inc., et al., Plaintiffs,**

v.

**7–ELEVEN, INC., Defendant**

No. 02–60691.

United States District Court, S.D. Florida.

Aug. 20, 2003.

Matthew Phillip Slingbaum, Gene Richard Zweben, Schwartz Zweben & Associates, Stuart, Gregory Eric Schwartz, Schwartz Zweben & Associates, Hollywood, for Frederick Shotz, Lorraine Lanes, Dana Lamb, Karter Rieves, Leonard Wein, Roland W. Grady, Rob Jump, Dean Brainerd, Simone Davis, Edward Resnick, Theodore Willing, Sherry Honea,

Thomas Ryan, Deborah Ryan, Robert Harvit, John McMillan, Access Now, Inc., a Florida corporation, All Plaintiffs, plaintiffs.

Brian Clayborne Blair, Greenberg Traurig, Orlando, for 7–Eleven, Inc., a foreign corporation, defendant.

### ORDER ADOPTING REPORT AND RECOMMENDATION

MIDDLEBROOKS, District Judge.

THIS CAUSE comes before the Court upon Defendant's Motion to Dismiss Amended Complaint or Strike Class Action Allegations (DE 26), filed January 31, 2003. The Court has reviewed the record and the recommendations of the Magistrate Judge. For the reasons stated in the Report of the Magistrate Judge and upon independent review of the file, it is hereby

ORDERED AND ADJUDGED that Defendant's Motion to Dismiss Amended Complaint (DE 26–1) is GRANTED. The Amended Complaint is DISMISSED with leave to file a second amended complaint no later than **September 19, 2003.** Defendant's Motion to Strike Class Action Allegations (DE 26–2) is DENIED AS MOOT.

### REPORT AND RECOMMENDATION

SNOW, United States Magistrate Judge.

THIS CAUSE is before the Court on the defendant's Motion to Dismiss Amended Complaint, or, in the Alternative, to Strike Class Action Allegations (DE 26), which was referred to United States Magistrate Judge Lurana S. Snow for report and recommendation. Oral argument was held on this motion on July 16, 2003.

### I. THE AMENDED COMPLAINT

The amended complaint is a putative class action against the defendant for violation of Title III of the Americans With Disabilities Act (ADA), 42 U.S.C. § 12181, et seq. The plaintiffs are Access Now, Inc., a non-profit corporation, and 42 individuals each of whom is alleged to suffer from a "qualified disability" under the ADA. The defendant is a foreign corporation authorized to conduct business in the state of Florida, which is the owner, lessee and/or operator of more than 6,000 convenience stores and gas stations in the United States.

The amended complaint alleges that each of the named plaintiffs "personally visited some of the Defendant's premises and was denied access to these properties due to the lack of compliance with the ADA." Additionally, the amended complaint alleges that each of the named plaintiffs "continues to desire to visit these premises but continues to be denied full and safe access due to the violations which continue to exist." (Amended complaint, ¶s 3–44) There are no allegations which describe the particular disability of any of the named plaintiffs or identify which of the defendant's stores the plaintiffs visited or plan to visit in the future.

The amended complaint recites that the plaintiffs seek to certify a class consisting of all people with physical disabilities as defined by the ADA. The class is believed to consist of more than ten million members. According to the amended complaint, the defendant is discriminating against class members by failing to make necessary alterations and modifications in their stores. The amended complaint identifies thirteen areas as to which the defendant has violated the ADA within its stores, but fails to allege that any particular defect is common to all of the defendant's stores. (Amended complaint, ¶ 60) The plaintiffs also assert, on information and belief, that there are "other miscellaneous violations of the ADA and regulations promulgated pursuant thereto in Defendant's Facilities" which will be identified when the plaintiffs or their repre-

sentatives perform a full inspection. (Amended complaint, ¶ 61)

The plaintiffs seek a declaratory judgment that the policies, procedures and services at the facilities owned and administered by the defendant violate the ADA, and injunctive relief ordering the defendant to alter its facilities to make them accessible to and usable by individuals with disabilities and change its policies and procedures to assure that disabled persons have equal access to services provided by the defendant. Additionally, the plaintiffs seek attorneys' fees and costs.

## II. *MOTION TO DISMISS OR STRIKE CLASS ACTION ALLEGATIONS*

The defendant contends that the class action allegations of the amended complaint should be dismissed or stricken because they fail to satisfy the four prerequisites of Fed.R.Civ.P. 23(a) and fail to demonstrate that the plaintiffs have standing.

The defendant argues that the claims of plaintiffs Access Now and Edward Resnick are barred by the doctrine of *res judicata* by virtue of the dismissal with prejudice of a prior lawsuit filed by them against the defendant. *Access Now, Inc. and Edward Resnick v. The Southland Corp.*, Case No. 00–3380–CIV–KING.[1] Additionally, the defendant asserts that the amended complaint fails to sufficiently allege "commonality" or "typicality" or that the named plaintiffs will adequately represent the putative class.

The defendant also maintains that individualized defenses and questions of law and fact predominate, that the newly-added plaintiffs lack standing and that the amended complaint fails to adequately define the putative class. Finally, the defendant contends that a class action is unnec-

essary because the relief sought by the individual plaintiffs will inure to the benefit of all potential class members.

## III. *RECOMMENDATIONS OF LAW*

### A. *RES JUDICATA*

█ The defendant first argues that amended complaint must be dismissed to the extent that it advances the claims of Access Now, Inc., and Edward Resnick. The complaint in the prior case before Judge King was virtually identical to the one in the instant case. Although the prior complaint listed eight stores operated by the defendant, the relief sought encompassed all stores operated by the defendant. Judge King dismissed that complaint with prejudice, "pursuant to the stipulation of the parties."

The defendant argues that the claims of plaintiffs Resnick, Access Now and all named plaintiffs who are members of Access Now must be dismissed based on the doctrine of *res judicata*. The defendant relies primarily on the case of *Jang v. United Technologies Corporation*, 206 F.3d 1147 (11th Cir.2000), which held that a plaintiff was precluded from splitting his causes of action and bringing an ADA claim after his first suit proceeded to a judgment on the merits. *Jang* noted that *res judicata* applies where "(1) the prior decision was rendered by a court of competent jurisdiction; (2) there was a final judgment on the merits; (3) the parties were identical in both suits; and (4) the prior and present causes of action are the same." *Id.* at 1149, quoting *Israel Discount Bank, Ltd. v. Entin*, 951 F.2d 311, 314 (11th Cir.1992).

The defendant points out that the doctrine of *res judicata* bars claims that could have been raised in a prior action as well as those that were actually litigated. *In re Piper Aircraft*, 244 F.3d 1289, 1296 (11th

---

1. The Southland Corp. was the predecessor to defendant 7–Eleven, Inc.

Cir.2001). Additionally, a voluntary dismissal with prejudice operates as an adjudication on the merits for purposes of *res judicata*. *Hart v. Yamaha–Parts Distrib., Inc.*, 787 F.2d 1468, 1470 (11th Cir.1986).

The plaintiffs cite *Kaspar Wire Works, Inc. v. Leco Engineering and Machine, Inc.*, 575 F.2d 530 (5th Cir.1978), which held that a consent judgment dismissing a prior suit brought for a declaratory judgment of patent invalidity and non-infringement did not bar or estop the defendants from contesting the validity of the plaintiff's patent in a subsequent proceeding. The *Kaspar* court observed that the rules of res judicata "actually comprise two doctrines concerning the preclusive effect of a prior adjudication." The first of these is "claim preclusion," which "treats a judgment, once rendered, as the full measure of relief to be accorded between the same parties on the same 'claim' or 'cause of action.'" *Id.* at 535, citing *Sea–Land Services, Inc. v. Gaudet*, 414 U.S. 573, 578–79, 94 S.Ct. 806, 39 L.Ed.2d 9 (1974). The second doctrine, "issue preclusion" or collateral estoppel, holds that particular claims may present issues relevant to suits on other claims. *Kaspar*, 575 F.2d at 535.

The court stated:

the rules of claim preclusion are difficult, if not impossible to apply in the usual form when a declaratory judgment proceeding ends in a judgment that states no more than "dismissed with prejudice." Further, as the Declaratory Judgments Act indicates, claim preclusion may be inappropriate given the purposeful supplementary nature of declaratory relief.

*Id.* at 536.

Therefore, the court held,

unless a declaratory suit necessarily presents all questions of duty and breach that would have arisen in a claim brought by the defendant against the plaintiff in a conventional suit, a determination whether the judgment should have preclusive effect is not necessarily advanced by trying to characterize some set of issues in the declaratory suit as a "claim" or "cause of action" and then applying claim preclusion rules reflexively to that "claim."

*Id.* at 537.

Additionally, the *Kaspar* court pointed out that the rules of *res judicata* applicable to a judicial determination on the merits "should not be applied automatically to consent judgments." *Id.* at 538. The court went on to note, however, that "because even a consent decree is a judicial determination, in run of the docket cases it is given the finality accorded under the rules of claim preclusion." *Id.* The court concluded:

Thus, when determining the effect to be given a decree entered by the consent of the parties, consideration is to be given to their intention with respect to the finality to be accorded the decree as reflected by the record and the words of the agreement.

*Id.* at 540.

In the case *sub judice*, there was a dismissal with prejudice of a prior suit raising the same claims entered pursuant to a stipulation of the parties. There was no consent decree, and the intent of the parties cannot be discerned from the face of the pleadings in the instant case.[2] In

---

**2.** In their response to the defendant's Motion to Dismiss or Strike, the plaintiffs attach the affidavit of Edward Resnick, which addresses the parties' intent in resolving the case before

Judge King. (DE 29, Ex. A) However, this Court cannot consider matters outside the pleadings in resolving a motion to dismiss.

*Jang, supra,* on which the defendant relies, the issues were resolved in a summary judgment entered in favor of the defendant.

Based on the reasoning of *Kaspar, supra,* this court must consider the intent of the parties' when determining the claims of plaintiffs Resnick and Access Now are barred by the prior dismissal with prejudice. Since intent is a factual issue, it must be resolved at trial or on a motion for summary judgment. Therefore, the defendant's motion to dismiss on *res judicata* grounds must be denied as premature.

### B. *Standing*

■ The defendant asserts that the amended complaint must be dismissed, or the class allegations stricken, because its allegations are insufficient to demonstrate standing on the part of the named plaintiffs. *Morris v. City of Charlottesville,* 2001 WL 743771 (W.D.Va. July 3, 2001). The defendant points out that the named plaintiffs reside in Florida and 11 other states. Moreover, the amended complaint contains no allegations with respect to:

(a) the particular disability of any one of the 42 individual Plaintiffs; (b) the location of any specific store that any one of the individual Plaintiffs have allegedly visited; (c) the proximity of any specific stores to the residences of any of the individual Plaintiffs ...; (d) the number of times or the frequency with which any named Plaintiff visited any particular retail store in the past; (e) the frequency with which any named Plaintiff allegedly intends or desires to visit any particular store in the future.

(Motion, p. 16)

Absent a demonstration of standing, the plaintiffs cannot satisfy the "case or controversy" requirement of Article III of the Constitution. In order to establish standing, the plaintiffs must have suffered an injury in fact, i.e., the invasion of a legally protected interest which is concrete and particularized and actual and imminent, not conjectural or hypothetical. *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 560, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992). Moreover, there must be some causal connection between the asserted injury and the challenged action, and the injury must be of the type likely to be redressed by a favorable decision. *Phillips Petroleum Co. v. Shutts,* 472 U.S. 797, 804, 105 S.Ct. 2965, 86 L.Ed.2d 628 (1985).

These prerequisites to the establishment of standing consistently have been applied in ADA cases, particularly where the defendant operates a retail chain with facilities in multiple locations. In order to demonstrate standing, a plaintiff must either live in close proximity to the defendant's facilities, or must demonstrate that he or she has visited the facility and/or is likely to visit in the near future. *See, e.g., Shotz v. Cates,* 256 F.3d 1077, 1081 (11th Cir.2001); *Steger v. Franco,* 228 F.3d 889, 893 (8th Cir.2000); *Moyer v. Walt Disney World Co.,* 146 F.Supp.2d 1249 (M.D.Fla. 2000); *Resnick v. Magical Cruise Co., Ltd.,* 148 F.Supp.2d 1298 (M.D.Fla.2001); *Tyler v. Kansas Lottery,* 14 F.Supp.2d 1220 (D.Kan.1998). Additionally, a plaintiff has standing to raise only those claimed violations that pertain to his or her particular disability. *Steger, supra,* at 893; *Ass'n for Disabled Am., Inc. v. Concorde Gaming Corp.,* 158 F.Supp.2d 1353 (S.D.Fla.2001).

In the instant case, the amended complaint seeks to certify a class consisting of all disabled persons, and requests declaratory and injunctive relief applicable to each of the defendant's 6,000 retail stores. Yet the amended complaint fails to allege that any of the named plaintiffs has suffered injury in any particular store. Moreover, the plaintiffs' disabilities are not identified, nor is a common architectural defect alleged.

The allegations of the amended complaint are insufficient to support a finding that any of the named plaintiffs has suffered an injury in fact as the result of the defendant's failure to comply with the ADA in any particular store. Absent the requisite allegations of standing, there is no case or controversy before the court, and the amended complaint should be dismissed with leave to amend.

### C. Class Action Allegations

The defendant seeks to strike the class action allegations of the amended complaint for additional reasons. The defendant contends that the plaintiffs have not demonstrated that common questions of law or fact predominate (commonality) or that the class representatives' claims are typical of the claims of the entire class (typicality). The defendant's arguments on the insufficiency of the class action allegations are related to its arguments pertaining to standing: the amended complaint does not identify any of the plaintiffs' disabilities or the ADA violations in any particular store. Additionally, the defendant asserts that there is no need for a class action, since the injunctive relief sought by the individual plaintiffs would inure to the benefit of the entire class.

The defendant raises important issues which should be addressed by this court in connection with a motion for class certification. The court should defer consideration of the defendant's arguments until such time as the plaintiffs establish standing.

### IV. CONCLUSION

RECOMMENDED as follows:

1. That the defendant's Motion to Dismiss be GRANTED, with leave to file a second amended complaint, based on lack of standing.

2. That consideration of the motion to strike the class action allegations be DE-NIED AS MOOT, in light of the filing of a second amended complaint.

The parties will have ten days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, for consideration by The Honorable Donald M. Middlebrooks, United States District Judge. Failure to file objections timely shall bar the parties from attacking on appeal factual findings contained herein. *LoConte v. Dugger,* 847 F.2d 745 (11th Cir.1988), *cert. denied,* 488 U.S. 958, 109 S.Ct. 397, 102 L.Ed.2d 386 (1988); *RTC v. Hallmark Builders, Inc.,* 996 F.2d 1144, 1149 (11th Cir.1993).

Aug. 5, 2003.