[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 31, 2005
THOMAS K. KAHN
CLERK

No. 04-14222
Non-Argument Calendar

_____

D.C. Docket No. 02-01608-CV-RWS-1

IRENE L. STEPHENS,

Plaintiff-Appellant,

versus

GEORGIA DEPARTMENT OF TRANSPORTATION,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(May 31, 2005)

Before TJOFLAT, ANDERSON and DUBINA, Circuit Judges.

PER CURIAM:

Irene L. Stephens, proceeding pro se, appeals several decisions by the

district court in her civil action filed against the Georgia Department of

Transportation ("DOT"). She claimed, inter alia, that the DOT denied her a

transfer and terminated her based on illegal, discriminatory motives. Stephens appeals the following procedural decisions: (1) the denial of her motion for sanctions; (2) the denial of her motion to amend her complaint; (3) the grant of the DOT's motion to strike portions of the record; and (4) the denial of her motion to dismiss her complaint without prejudice. Stephens also appeals the district court's grant of summary judgment in favor of the DOT. We affirm the district court in all respects. Stephens' arguments are addressed in turn.

## I. STEPHENS' PROCEDURAL ARGUMENTS

### A. Denial of Stephens' Motion for Sanctions

Stephens argues that her due process rights were violated by virtue of the DOT's alleged destruction of a 1994 employee handbook and its alleged obstruction of justice. Applying a liberal reading of Stephens's appellate brief, it appears that she is asserting that the district court erred by denying her motion for sanctions under Fed.R.Civ.P. 11 because the DOT was acting in bad faith throughout the litigation. See Haines v. Kerner, 404 U.S. 519, 520, 92 S.Ct. 594, 596 (1972) (holding that pro se pleadings are held to less stringent standards than counseled pleadings).

We review the district court's determinations regarding sanctions for abuse of discretion. Souran v. Travelers Ins. Co., 982 F.2d 1497, 1506 (11th Cir. 1993).

2

Federal Rule of Criminal Procedure 11(c) provides for sanctions when parties make certain representations to the court. District courts may impose sanctions pursuant to Fed.R.Civ.P. 11(c) "(1) when a party files a pleading that has no reasonable factual basis; (2) when the party files a pleading that is based on a legal theory that has no reasonable chance of success and that cannot be advanced as a reasonable argument to change existing law; and (3) when the party files a pleading in bad faith for an improper purpose." Souran, 982 F.2d at 1506 (internal quotation omitted). Stephens' claim that the DOT acted in bad faith by concealing the 1994 employee handbook is without merit. Stephens admittedly possessed a copy of the handbook. Stephens did not produce any evidence of bad faith on the part of the DOT. Accordingly, the district court did not abuse its discretion by denying Stephens's motion for sanctions.

**(B)   Denial of Stephens's Motion to Amend her Complaint**

Stephens argues that the district court "erred and/or abused [its] discretion" by denying her motion for leave to amend her already amended complaint. Although leave to amend should be liberally granted when necessary in the interest of justice, the decision is committed to the district court's discretion and grant or denial of leave to amend is reviewed for abuse of discretion. Jennings v. BIC Corp., 181 F.3d 1250, 1258 (11th Cir. 1999); Fed.R.Civ.P. 15(a).

Stephens filed the motion to amend over six months after the deadline set by the Scheduling Order. Stephens' motion was thus untimely, and Federal Rule of Civil Procedure 16(b) requires her to show good cause in order for the court to grant her motion. Fed. R. Civ. Pro. 16(b). The only reason Stephen offered for the delay is that she discovered a new legal theory through additional research. We do not find that the district court abused its discretion in holding that this proffered reason was insufficient to show good cause. See Jennings, 181 F.3d at 1258 (11th Cir. 1999) (stating that undue delay is an adequate basis for denying leave to amend).[1]

**(C)   Grant of the DOT's Motion to Strike**

Stephens argues that the district court erred by striking portions of her summary judgment motion, including portions concerning the bankruptcy filing of another DOT employee who was a witness. She specifically argues that information concerning the bankruptcy filing is relevant to the instant case because that employee's statements were used to support Stephens's termination, and the bankruptcy information addressed the employee's credibility.

---

[1]     Having found that the district court did not abuse its discretion in denying Stephens' motion to amend, we do not reach the question of whether the employee handbook constituted a unilateral contract because that issue was only raised in the motion to amend.

We review the district court's evidentiary rulings for an abuse of discretion, reversing only when there is substantial prejudice. Brochu v. City of Riviera Beach, 304 F.3d 1144, 1155 (11th Cir. 2002). The Federal Rules of Civil Procedure provide that "the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed.R.Civ.P. 12(f). We conclude that the district court did not abuse its discretion in striking portions of Stephens's motion for summary judgment because it contained "immaterial, impertinent, or scandalous matter." See Fed.R.Civ.P. 12(f).

### (D)   Denial of Stephens's Voluntary Dismissal of her Complaint Without Prejudice

Stephens argues that the district court erred by denying her motion to dismiss her complaint voluntarily without prejudice, asserting that the DOT would not lose any substantial rights as a result of the dismissal.

We review for abuse of discretion the district court's decisions regarding the dismissal of a complaint without prejudice. Pontenberg v. Boston Scientific Corp., 252 F.3d 1253, 1256 (11th Cir. 2001). The Federal Rules of Civil Procedure permit a plaintiff to dismiss an action voluntarily only "upon order of the court and upon such terms and conditions as the court deems proper" after the

5

defendant has filed an answer to the complaint, unless there is a stipulation signed by all parties to the action. Fed.R.Civ.P. 41(a). We have held that "[a] voluntary dismissal without prejudice is not a matter of right." Fisher v. P.R. Marine Mgmt., Inc., 940 F.2d 1502 (11th Cir. 1991).

> [I]n most cases, a voluntary dismissal should be granted unless the defendant will suffer clear legal prejudice, other than the mere prospect of a subsequent lawsuit, as a result. The crucial question to be determined is, Would the defendant lose any substantial right by the dismissal. In exercising its broad equitable discretion under Rule 41(a)(2), the district court must weigh the relevant equities and do justice between the parties in each case, imposing such costs and attaching such conditions to the dismissal as are deemed appropriate.

Pontenberg, 252 F.3d at 1255-56 (citations, quotations, and emphasis omitted).

In Stephens's case, the DOT objected to a dismissal without prejudice, arguing that such a dismissal would be prejudicial due to its pending motion for summary judgment. Stephens filed her complaint in June 2002. She filed her motion to voluntarily dismiss without prejudice in May 2004. During that two year period, numerous motions had been filed, extensive discovery had been produced, and motions for summary judgement were pending. The district court agreed with the DOT's assertion that only a dismissal with prejudice would be appropriate. Stephens was not entitled to a voluntary dismissal without prejudice as a matter of right, and the DOT demonstrated that it would be prejudiced by such

6

a dismissal. Accordingly, the district court did not abuse its discretion by denying Stephens's motion to dismiss her complaint voluntarily without prejudice.

## II. STEPHENS' SUBSTANTIVE ARGUMENTS

In her complaint, Stephens alleged: (1) violations of her due process and equal protection rights; (2) employment discrimination; and (3) retaliation for exercising a legal right. The district court read the complaint broadly in deference to Stephens' pro se status, and considered her to have alleged: (1) a violation of due process and equal protection rights pursuant to 42 U.S.C. § 1983; (2) a violation of Title VII of the Civil Rights Act; (3) a violation of the Americans with Disabilities Act ("ADA"); and (4) a violation of the Age Discrimination Employment Act ("ADEA"). The district court granted summary judgment to the DOT on all claims.[2]

We review the district court's grant of a motion for summary judgment de novo, "applying the same legal standards that bound the district court." Jackson v. BellSouth Telecomm., 372 F.3d 1250, 1279 (11th Cir. 2004). Summary judgment

---

[2] On appeal, Stephens also argues that a psychologist who was supposed to examine her on December 8, 2000, improperly released her medical records to the DOT. Stephens did not raise this issue in the district court. We generally will not consider issues raised for the first time on appeal, with several exceptions, including when the issue "involves a pure question of law, and if refusal to consider it would result in a miscarriage of justice." Narey v. Dean, 32 F.3d 1521, 1526-27 (11th Cir. 1994). Since Stephens raised her claim regarding "patient/client confidentiality" for the first time on appeal, and our refusal to consider it will not result in a miscarriage of justice, we conclude that Stephens waived this claim.

is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). A material fact is genuine only "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson, 477 U.S. at 248, 106 S.Ct. at 2510.

A. Sovereign Immunity

The district court granted summary judgment to the DOT on Stephens' § 1983, ADA, and ADEA claims after finding that the DOT had immunity pursuant to the Eleventh Amendment. Stephens brought her claim solely against the Georgia Department of Transportation. As an arm of the state, the DOT is entitled to the same sovereign immunity of the state itself. Robinson v. Ga. Dep't of Transp., 966 F.2d 637, 640 (11th Cir. 1992). Congress has not abrogated immunity for claims brought pursuant to § 1983, the ADEA, or the ADA. See id. (holding that the Eleventh Amendment barred plaintiff's § 1983 against Georgia DOT); Kimel v. Fla. Bd. of Regents, 528 U.S. 62, 120 S. Ct. 631 (2000) (holding that the ADEA did not validly abrogate Eleventh Amendment immunity); Bd. of Trs. of the Univ. of Ala. v. Garrett, 531 U.S. 356, 121 S. Ct. 955 (2001) (holding that state agencies were entitled to Eleventh Amendment immunity from

8

employees' claims brought pursuant to the ADA). Therefore, the district court's grant of summary judgment on these claims was proper.

B. Title VII

The district court, reading Stephens' claim liberally, stated that she alleged several cognizable theories under a Title VII claim: (1) that Stephens was denied a transfer and ultimately terminated because of her sex; (2) that she was a victim of disparate treatment; and (3) that she was retaliated against because of her sex. The district court found that Stephens failed to establish a prima facie case under Title VII and that even if she had established a prima facie case, the DOT came forward with a legitimate, non-discriminatory reason for terminating her that Stephens could not show was pretextual. [3]

A plaintiff may establish a prima facie case of discrimination by virtue of the denial of a job transfer or termination by showing that (1) she is a member of a protected class; (2) she is qualified for the position; (3) she was subjected to

---

[3] Stephens argues that the district court erred by conducting a de novo inquiry of her claims because, during her action to obtain state unemployment benefits, a state administrative hearing officer allegedly had already ruled on the merits of her claims by determining that the DOT had failed to meet its burden of proof to establish Stephens's ineligibility for benefits. By finding that the DOT had failed to meet its burden of proof to establish Stephens's disqualification from unemployment benefits, the state administrative hearing officer did not address the merits of any potential ADEA, ADA, or Title VII claims. Furthermore, the state administrative ruling does not have a preclusive effect over Stephens's Title VII claims. See Bishop, 361 F.3d 607, 610 (11th Cir. 2004). Accordingly, the district court did not err by conducting a de novo review of the case before granting summary judgment in favor of the DOT.

9

adverse employment action; and (4) she was replaced by a person outside the protected class. Kelliher v. Veneman, 313 F.3d 1270, 1275 (11th Cir. 2002). The plaintiff generally has the burden of establishing a prima facie case of discrimination. McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802, 93 S.Ct. 1817, 1824, 36 L.Ed.2d 668 (1973) Establishing a prima facie case of discrimination creates a presumption of unlawful discrimination, and the employer must come forward with evidence of a legitimate non-discriminatory reason for its decision. Id. at 802, 93 S.Ct. at 1824. This burden is "exceedingly light," and the employer must merely proffer non-discriminatory reasons, not prove them. Perryman v. Johnson Prods. Co., 698 F.2d 1138, 1142 (11th Cir. 1983). When the employer expresses one or more legitimate reasons for its actions, the presumption of discrimination evaporates, and the plaintiff must raise a genuine issue of material fact as to whether the reasons offered by the defendant are pretextual. McDonnell Douglas, 411 U.S. at 804, 93 S.Ct. at 1825.

Assuming arguendo that Stephens established a prima facie case with respect to one or more of her claims, summary judgment for the DOT was nevertheless appropriate because it offered legitimate, non-discriminatory reasons for her termination, and Stephens did not produce evidence creating a genuine issue of material fact that the proffered reasons were pretextual. Stephens refused

10

to follow her supervisors' directions on several occasions, took frequent sick leave, and took a state vehicle and drove dangerously on public roads.  Even after this, the DOT attempted to meet with her and work with her, but she refused to cooperate.  Any of these reasons are sufficient legitimate reasons for termination, and nothing in the record indicates that they are pretextual.

### III. CONCLUSION

Upon careful review of the record and the parties' briefs, we find no reversible error.[4]

**AFFIRMED.**

---

[4]    Other arguments asserted on appeal are rejected without need for further discussion.