KATHLEEN M. WILLIAMS, UNITED STATES DISTRICT JUDGE
*1108 THIS MATTER is before the Court on Plaintiff's motion for leave to file an amended complaint. (DE 26). Defendant University of Miami filed a response in opposition to the motion. (DE 27). Plaintiff also filed a reply in support of her motion. (DE 28).
I. BACKGROUND
On August 28, 2018, Plaintiff filed her initial Complaint in the Eleventh Judicial Circuit in and for Miami-Dade County. (DE 1). On September 21, 2018, Defendant removed the action to this Court. (Id. ). Now, one day before the close of discovery, Plaintiff seeks leave to file an Amended Complaint to assert new claims against the Defendant under Title VII of the Civil Rights Acts of 1964, 42 U.S.C. § 2000e-2 ("Title VII"). (DE 26). Plaintiff argues that she should be granted leave to amend because she only recently received a notice of right to sue from the Equal Employment Opportunity Commission ("EEOC") and under 29 CFR § 1601, et seq. , she could not have filed her Title VII claims until having received the Notice. (Id. ). Defendant opposes the motion and argues that Plaintiff did not exercise sufficient diligence to warrant leave to amend and that it would be unduly prejudiced and forced to initiate discovery against any new claims. (DE 27).
II. DISCUSSION
Although Federal Rule of Civil Procedure 15(a)(2) states that courts should freely give leave to amend "when justice so requires," Fed. R. Civ. P. 15(a)(2), "a motion to amend may be denied on numerous grounds such as undue delay, undue prejudice to the defendants, and futility of the amendment." Maynard v. Bd. of Regents of Div. of Universities of Fla. Dep't of Educ. ex rel. Univ. of S. Fla. , 342 F.3d 1281, 1287 (11th Cir. 2003) (citing Brewer-Giorgio v. Producers Video, Inc. , 216 F.3d 1281, 1284 (11th Cir. 2000) (internal quotations omitted)).
The Court agrees with Defendant that Plaintiff has not demonstrated "good cause" to amend her complaint at this late stage of the litigation, and that amendment will unduly and unfairly prejudice the Defendant. See Stephens v. Georgia Dept. of Transp. , 134 Fed. Appx. 320, 322 (11th Cir. 2005) (upholding the district court's denial of a motion to amend complaint where the motion was filed over six months after the scheduling deadline order; district court held that the plaintiff's proffered reason of discovering a new theory through additional research was insufficient to establish good cause); see also Andrx Pharmaceuticals, Inc. v. Elan Corp. , PLC, 421 F.3d 1227, 1236 (11th Cir. 2005) ("Andrx's undue delay in moving for leave to amend, its attempt to inject a new theory of recovery, and its failure to show that justice required the grant of its motion demonstrate that the district court did not clearly abuse its discretion in denying Andrx's motion for leave to amend."). "[G]ood cause exists when evidence supporting the proposed amendment would not have been discovered in the exercise of reasonable diligence until after the amendment deadline had passed." Altenel, Inc. v. Millennium Partners, LLC , No. 11-CV-22806, 2014 WL 1186071 at *12 (S.D. Fla. June 5, 2014) 12 (internal quotations and citations omitted).
Here, Plaintiff was aware of the evidence supporting her proposed amendment as of May 10, 2018-at least three *1109 months prior to bringing this action-when she filed a charge of discrimination with the EEOC. And Defendant argues that Plaintiff could have requested a right to sue letter prior to the Court's November 2, 2018 deadline for amending pleadings. (DE 27). In her Reply, Plaintiff argues that the EEOC "was, or appeared to be, actively investigating her claims ... through the end of November 2018 ... [and] [h]ad Plaintiff failed or refused to cooperate with these investigative efforts-including by requesting an early right-to-sue notice-she could have adversely affected her rights to later pursue her claims in court." (DE 28). Even if the Court accepts Plaintiff's argument, Plaintiff still had nearly seven months before the discovery deadline to attempt to comply with the Court's scheduling order, whether by requesting leave to amend the Court's deadlines prior to the eve of the discovery deadline or by requesting a stay until the EEOC issued the requisite notice. See e.g. , Moyer v. Walt Disney World Co. , 146 F. Supp. 2d 1249, 1252 (M.D. Fla. 2000) ("Recognizing the perils of disorderly litigation, the Eleventh Circuit has consistently held that motions filed after a deadline imposed by a court should be denied as untimely.") (internal quotations omitted). Accordingly, the Court finds that Plaintiff should not be allowed to amend her complaint.
III. CONCLUSION
Upon review of the motion and the record, and for the reasons set forth above, it is ORDERED AND ADJUDGED that Plaintiffs' motion (DE 26) is DENIED .
DONE AND ORDERED in chambers in Miami, Florida, this 17th day of July, 2019.