**Roberto Lopez HURTADO, et al., Plaintiffs,**

v.

**RALY DEVELOPMENT, INC., et al., Defendants.**

No. 11–24476–CIV.

United States District Court, S.D. Florida.

June 13, 2012.

Jamie H. Zidell, J.H. Zidell, P.A., Miami Beach, FL, for Plaintiffs.

Chris Kleppin, Kristopher W. Zinchiak, Seth Amkraut, Glasser, Boreth & Kleppin, P.A., Plantation, FL, for Defendants.

## ORDER

CECILIA M. ALTONAGA, District Judge.

**THIS CAUSE** came before the Court on Defendants' Motion for Leave to Correct a Scrivener's Error within Defendants' Answer ... ("Motion for Leave") [ECF No. 64], filed on May 31, 2012. The amendments Defendants seek to make include denying paragraph 12[1] of Plaintiffs' Second Amended Complaint, and admitting to paragraph 14.[2] The Court has carefully considered the parties' written submissions, the record, and the applicable law.

1.
Defendants, Raly Development, Inc. and Bravo Companies[,] Inc. f/k/a Bravo Supermarket, Inc. were Plaintiffs' joint employers during Plaintiffs' employment with the Defendant Companies as the work performed by Plaintiffs simultaneously benefited both Defendants who were responsible for controlling Plaintiffs' work. Furthermore, Raly Development, Inc. was acting directly and/or indirectly in the interest of Bravo Companies[,] Inc. in relation to Plaintiffs. All work performed by Raly Development, Inc. was done pursuant to an agreement with Bravo Companies, Inc. to perform work for Bravo Companies[,] Inc. Defendant Raly Development, Inc. was dependent on Bravo Companies, Inc. as Raly Development, Inc. did not own any tools or equipment and all tools and equipment used by Raly Development, Inc. were provided by Defendant Bravo Companies[,] Inc. Defendant Raly Development, Inc. did not have the financial means to pay their workers and were dependent on weekly payment from Bravo Companies, Inc.

As the record currently stands, Defendants admit to paragraph 12 and deny paragraph 14. (*See* Mot. 2). Defendants explain the error transpired because

paragraph # 12 of Plaintiff's First Amended Complaint ([D.E. 5]) became paragraph # 14 of Plaintiffs' Second Amended Complaint ([D.E. 34]); however, defense counsel failed to change the admission in paragraph # 12 from Defendants' Answer to the Plaintiff's First Amended Complaint to paragraph # 14 when drafting the Defendants' Answer to the Plaintiffs' Second Amended Complaint.

(*Id.* 2).[3] According to Defendants, "defense counsel only first noticed the error upon reviewing the Plaintiffs' Motion for Summary Judgment when Plaintiff [sic] pointed it out ([D.E. 58, page 8])...." (Reply 3–4 [ECF No. 70]).

This case involves FLSA claims which are premised on allegations that Defendants, Raly Development, Inc. ("Raly") and Bravo Companies, Inc. ("Bravo") are joint employers, and that Defendants General Recycling LLC ("General Recycling") and Bravo are joint employers. (*See* Second Am. Compl. ¶¶ 12–13). The case was filed on December 13, 2011 (*see* Compl. [ECF No. 1]), and the Complaint was first amended on December 14, 2011. (*See* First Am. Compl. [ECF No. 5]). Plaintiff then timely filed a motion for leave to file an amended complaint on the last day provided in the Scheduling Order[4]

in order to pay Plaintiffs and other workers. Furthermore, supervisors of Bravo Companies Inc. would come and inspect the progress of the work on a daily basis. Therefore, Raly Development, Inc. was controlled by and/or was under common control of Bravo Companies, Inc. pursuant to 29 C.F.R. [§ ] 791.2 and therefore both companies were Plaintiffs [sic] joint employer.

(Second Am. Compl. ¶ 12 [ECF No. 34]).

2. "All acts or omissions giving rise to this dispute took place in Dade County." (Second Am. Compl. ¶ 14).

3. Defendants offer no explanation why they initially denied the allegations in paragraph 14 of the Second Amended Complaint.

4. It is undisputed the Court modified its Scheduling Order dated January 19, 2012 [ECF No. 15] to permit the parties until March 22, 2012 to amend their pleadings.

(see [ECF No. 24] ), which the Court granted over Defendants' objections. (*See* Order dated Mar. 28, 2012 [ECF No. 33] ). Plaintiffs' Second Amended Complaint adds two additional plaintiffs and alleges for the first time that Defendants were a joint enterprise as well Plaintiffs' joint employers. (*See* Second Am. Compl. 1, ¶¶ 11–13). Defendants timely filed their Answer to the Second Amended Complaint ("Answer") on April 16, 2012. (*See* Answer [ECF No. 37]; FED.R.CIV.P. 15(a)(3)).

■ The pleading sought to be amended here is Defendants' Answer, which was necessarily filed past the Court's Scheduling Order deadline—Plaintiffs did not request leave to amend their complaint until the last day permitted by the Scheduling Order. FED. R.CIV.P. 15(a)(3) ("Unless the court orders otherwise, any required response to an amended pleading must be made within the time remaining to respond to the original pleading or within 14 days after service of the amended pleading, whichever is later."). The Court construes Defendants' Motion as one that (1) requests modification of the Court's Scheduling Order to extend the deadline by which the parties may file amended pleadings, and (2) requests leave to file an amended answer. "[W]here a party seeks leave to amend after a scheduling order deadline has passed, as is the case here, that party must first demonstrate good cause for the tardy amendment under [Federal] Rule [of Civil Procedure] 16(b) before a court can consider whether the proposed amendments are proper under [Federal] Rule [of Civil Procedure] 15. . . ." *Williams v. Baldwin Cnty. Comm'n*, 203 F.R.D. 512, 516 (S.D.Ala. 2001) (citing *Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1418 (11th Cir.1998)).

District courts are required to "issue a scheduling order ... [that] limit[s] the time to join other parties [and] amend the pleadings. . . ." FED.R.CIV.P. 16(b). Such orders "control the subsequent course of the action" unless modified by a subsequent order, and may be modified only "on a showing of good cause." *Id.* 16 advisory committee's note;

see *id.* 16(b)(4). This good cause standard precludes modification unless the schedule cannot "be met despite the diligence of the party seeking the extension." *Id.* 16 advisory committee's note; *see also Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir.1992) ("If [a] party was not diligent, the [good cause] inquiry should end.").

Therefore, Defendants first must demonstrate good cause under Rule 16(b) before the Court may consider whether the proposed pleading is proper. *See Sosa*, 133 F.3d at 1418 (finding that ignoring Rule 16(b) "would render scheduling orders meaningless and effectively would read Rule 16(b) and its good cause requirement out of the Federal Rules of Civil Procedure."); *see also Riofrio Anda v. Ralston Purina, Co.*, 959 F.2d 1149, 1155 (1st Cir.1992) ("The district court did not abuse its discretion by adhering to its scheduling order and refusing to allow plaintiffs to amend their complaint. Under the facts here, the allowance of an amendment would have nullified the purpose of rule 16(b)(1).").

■ The Court finds Defendants' reasons constitute good cause warranting an extension of time for Defendants to amend their answer. Because Plaintiffs moved to file their Second Amended Complaint on March 22, 2012—the Court's deadline to file amended pleadings—any amendment to Defendants' Answer could not have been filed by the deadline set forth in the Court's Scheduling Order. Thus, it was impossible for the Court's schedule to be met "despite the diligence" of Defendants. *Sosa*, 133 F.3d at 1418 (quoting FED.R.CIV.P. 16 advisory committee's note).

■ The Court's inquiry, then, turns to whether the Defendants' delay in moving to file their amended Answer is permissible. The framework for such an inquiry is provided by Federal Rule of Civil Procedure 15(a)(2), which requires the Court to "freely give leave when justice so requires." [5]

---

**5.** "In [cases other than in circumstances described in Rule 15(a)(1) ], a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." FED. R.CIV.P. 15(a)(2).

In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be "freely given." *Foman v. Davis,* 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962). "[T]he grant or denial of an opportunity to amend is within the discretion of the District Court...." *Id.*

According to Defendants, they were unaware of their errors until Plaintiffs raised the content of Defendants' Answer in their filing. The Court observes Defendants do not indicate on what date they were first apprised of their errors, but notes Plaintiffs filed their summary judgment motion at 11:49 p.m. on May 24, 2012. Assuming Defendants were notified of their errors as early as the next business day, May 25, 2012, within the next three business days of that notice, Defendants filed their Motion. It does not appear that undue delay, bad faith, or dilatory motive can be inferred from this short period of time.

■■■ Nonetheless, Plaintiffs contend leave should not be granted because of resulting undue prejudice, as they had "relied on [Defendants'] admissions and ceased further discovery on the joint employer issue based on said admissions." (Resp. ¶ 2 [ECF No. 67] ). For example, Plaintiffs state that had Defendants denied paragraph 12, Plaintiffs would have "sought to compel numerous documents, including tax returns from Bravo Companies[,] Inc." (*Id.* 7 n. 3). Thus, while Plaintiffs state they "ceased further discov-

ery" upon Defendants' admission, the only "further discovery" Plaintiffs assert they would have conducted is requesting documents such as Bravo's tax returns. Yet, Plaintiffs do not explain how Bravo's tax returns speak to any factor the Court must take into consideration when determining the joint employer status of Bravo and Raly,[6] nor what the other "numerous documents" are. Tellingly, in the same breath, Plaintiffs assert that "discovery on the issue of joint employer was conducted well before Defendants filed their Answer to Plaintiffs' Second Amended Complaint." (*Id.* ¶ 2). It appears, then, Plaintiffs have already conducted extensive discovery on the joint employer issue[7] and represent they have obtained "facts" during Defendants' deposition testimony that support a joint employer relationship between Defendants Raly and Bravo. (*Id.* ¶¶ 5, 7; *see also infra* 6). For these reasons, the Court does not find Plaintiffs are prejudiced by Defendants' proposed amendments due to any inability to conduct further discovery on the joint employer issue.

Additionally, to the extent Plaintiffs contend Defendants' Motion is futile or was filed in bad faith, the Court disagrees. Plaintiffs back their argument by asserting that "facts obtained" during Defendants' deposition testimony "support a joint employer relationship between Raly Development[,] Inc. and Bravo Companies[,] Inc." (Resp. ¶¶ 5, 7). However, it is not within Plaintiffs' purview to determine the facts. Indeed, it is for the Court to determine whether there are any disputed issues of material fact at the summary judgment stage, and it is for the trier of fact to determine facts from the evidence. Plaintiffs have presented the Court with no

---

6.
[W]hether a party qualifies as a joint employer for liability purposes depends on whether "as a matter of economic reality, the individual is dependent on the entity." Under the FLSA "[a] determination of whether the employment by the employers is to be considered joint employment or separate and distinct employment for purposes of the act depends upon all the facts in the particular case." This case-by-case inquiry turns on no formula, but the court will consider factors such as control, supervision, right to hire and fire, ownership of work facilities, investment, and pay-roll decisions.

*Cornell v. CF Ctr., LLC,* 410 Fed.Appx. 265, 268 (11th Cir.2011) (quoting *Antenor v. D & S Farms,* 88 F.3d 925, 929, 932–37 (11th Cir.1996); 29 C.F.R. § 791.2).

7. Indeed, Plaintiffs provide detailed dates—all prior to when Defendants filed their Answer to Plaintiffs' Second Amended Complaint—when they took Defendants' depositions concerning the issue of joint employer status, as well as when Plaintiffs propounded their second request for production, which covered joint employer issues. (*See* Resp. ¶ 2).

law indicating that on this Motion it has the authority to determine "facts" that are outcome determinative. The Court also observes that this argument belies Plaintiffs' prior undue prejudice argument, as Plaintiffs clearly state they obtained evidence which "support[s] a joint employer relationship between Raly Development[,] Inc. and Bravo Companies[,] Inc." (*Id.* ¶ 5).

Certainly, Defendants' carelessly composed Answer and their failure to more timely identify their own mistakes has caused the Court and the parties to unnecessarily expend resources and time. However, the Court finds that the joint employment status of Defendants Raly and Bravo is among the central issues in this case, already hotly contested by the parties. (*See, e.g.,* Tr. Hr'g on Mar. 28, 2012, at 3:22–25, 4:1–4, 9:6–8 [ECF No. 68]). For the issue to not be heard on the merits would disserve the interests of justice, especially given that Defendants had not previously amended their Answer, the amendments are not futile, and it appears Defendants did not unduly delay in submitting their request to amend upon discovering the errors. Further, the filing of an amended answer will not "infringe on the efficient adjudication of the litigation," *C.F. v. Capistrano Unified Sch. Dist.,* 654 F.3d 975, 984 (9th Cir.2011), as the amendments will not cause significant delay to the proceedings nor require the Court to alter the present Scheduling Order. As previously observed, discovery deadlines need not be extended as Plaintiffs represent they have already obtained evidence demonstrating the joint employer status of Defendants Bravo and Raly. (*See* Resp. ¶¶ 5, 7; *id.* 7–8).

The Court notes, however, that while Plaintiffs argue in their motion for summary judgment that the undisputed facts uncovered during discovery show Defendants are joint employers (*see* [ECF No. 58], at 8), they also relied on Defendants' admission to paragraph 12 in support of their joint employer argument. (*See id.*). Thus, to the extent necessary,[8] Plaintiffs are permitted to submit a supplementary filing should they wish to amend the joint employer argument in their summary judgment motion. Such additional briefing will not cause significant delay.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. The Motion for Leave [**ECF No. 64**] is **GRANTED.**

2. Defendants shall file their Amended Answer as a separate docket entry no later than **June 14, 2012.**

3. Plaintiffs may submit a supplement to their Motion for Summary Judgment [ECF No. 58], consistent with this Order no later than **June 20, 2012.** Defendants may respond to the supplement no later than 7 **calendar days** following Plaintiffs' filing. Plaintiffs may submit a reply no later than 7 **calendar** days following Defendants' filing. No mailing days or other extensions are to be added to these deadlines.

---

8. Plaintiffs note that the content of paragraph 12 "was based on the deposition testimony taken on March 16, 2012 whereby Defendants admitted said facts contained in paragraph 12 of the Second Amended Complaint." (Resp. 9). Plaintiffs' summary judgment motion can certainly reference this deposition in support of Plaintiffs' argument, in lieu of Defendants' Answer.