Brent WOLF, Plaintiff,

v.

CELEBRITY CRUISES, INC. d/b/a Celebrity Cruises, and The Original Canopy Tours, Defendants.

Case No. 13–23697–CIV.

United States District Court,
S.D. Florida.

Signed Feb. 23, 2015.

Kate S. Goodsell, Michael Charles Black, Cassidy & Black, P.A., Miami, FL, Kris Elliott, Elliott Law Firm PA, Gulf Breeze, FL, for Plaintiff.

Daniel A. Sands, Stok Folk + Kon, Aventura, FL, Darren Wayne Friedman, Jeffrey Eric Foreman, Jenna Francine Gushue, Foreman Friedman, PA, Miami, FL, for Defendants.

## ORDER

EDWIN G. TORRES, United States Magistrate Judge.

This matter is before the Court on Plaintiff's Motion to Amend Complaint [D.E. 62] that is ripe for disposition. The Court has reviewed the parties' briefing on the motion, as well as the supporting record. For the

reasons that follow, the motion will be Denied.

1. On October 11, 2013, Plaintiff filed a six-count Complaint against Celebrity and OCT Enterprises, Ltd. d/b/a The Original Canopy Tour ("OCT") for injuries he allegedly sustained during a zip line shore excursion in Costa Rica [D.E. 1]. Defendant OCT was dismissed from the case for lack of personal jurisdiction. Celebrity filed its Answer and Affirmative Defenses. On April 3, 2014, this Court entered a Trial Order, [D.E. 35], which set an April 25, 2014, deadline for amendments to the pleadings.

2. There is no dispute that no motion for extension of time was ever filed for Plaintiff to amend his Complaint, nor was an amended complaint filed by that deadline. Instead, Plaintiff appealed the Court's Order dismissing OCT, and his appeal was rejected by the Eleventh Circuit on November 26, 2014 for lack of jurisdiction [D.E. 61].

3. On December 22, 2014, eight (8) months after the deadline for amendments, Plaintiff filed the pending motion seeking leave to amend his Complaint in order to seek an attachment of funds owed to OCT by Florida based cruise lines, which is purportedly permitted by recent case law in this District. Plaintiff's motion relies upon satisfaction of all of the prerequisites for Rule B attachment under the Court's Rules, which would allow him to add Royal Caribbean Cruises Ltd., Celebrity, Carnival Corporation d/b/a Carnival Cruise Lines and NCL (Bahamas) Ltd. d/b/a Norwegian Cruise Line as Garnishees.

█ 4. We agree, however, with Defendant that Plaintiff's Motion to Amend the Complaint is simply too untimely to be granted. The Court's scheduling order provided a cutoff date for amendments of the pleadings of April 25, 2014. Plaintiff's Motion to Amend was filed nearly fifteen months after his complaint was filed, over thirteen months after Defendant Celebrity's Answer, and nearly eight months after expiration of the deadline to amend the pleadings. No motions for extension of time were requested, nor did the Court enter superseding pretrial deadlines. At this point, summary judgment and in limine motions have been filed and the case is proceeding to final adjudication. As a result, the pending motion is untimely under the Court's scheduling Order and may be Denied on that ground alone. *See Chrysler Int'l Corp. v. Chemaly*, 280 F.3d 1358, 1360 (11th Cir.2002) ("At the heart of this case is the authority of the district court to control the pace of litigation before it. At the outset, we stress the broad discretion district courts have in managing their cases[.]").

5. As Plaintiff points out, the violation of the scheduling Order may be excused in some circumstances to allow an untimely amendment. To do so, however, Plaintiff must first show "good cause" pursuant to Fed.R.Civ.P. 16(b) with respect to his request to amend his complaint. *See, e.g., Hurtado v. Raly Dev., Inc.*, 281 F.R.D. 696, 699 (S.D.Fla.2012) ("This good cause standard precludes modification unless the schedule cannot 'be met despite the diligence of the party seeking the extension.'"). Good cause must be shown before Rule 15(a), and its liberal amendment of pleadings standard, may be considered.

█ 6. To show good cause under Rule 16(b), a party must establish that, despite its diligence, the deadline could not be met. Three factors may be considered to determine whether a party has acted with reasonable diligence under the Rule: whether (1) the plaintiff failed to ascertain facts prior to filing the complaint and to acquire information during the discovery period; (2) the information supporting the proposed amendment was available to the plaintiff; and (3) even after acquiring information, the plaintiff delayed in asking for amendment. *See Sosa v. Airprint Systems, Inc.*, 133 F.3d 1417, 1418 (11th Cir.1998) (affirming denial of an untimely motion to amend a complaint; "this good cause standard precludes modification [of the scheduling order] unless the schedule cannot 'be met despite the diligence of the party seeking the extension.'") (citing Fed. R.Civ.P. 16 Adv. Comte. Note).

█ 7. Plaintiff struggles to argue that he satisfies this test for diligence because he immediately filed his amendment after the Court of Appeals dismissed his errant appeal of the Court's jurisdictional Order. But that

# 700

is not the point. Plaintiff was clearly on notice that OCT was not present in this jurisdiction when OCT filed its motion to dismiss back in January 2014, well before the April 2014 amendment cutoff. Even assuming that Plaintiff disagreed with OCT's argument, as he surely did by opposing the motion, Plaintiff was undoubtedly aware that the motion could be granted and that OCT could not "be found" in the District. That then should have triggered an assessment of what alternatives would have been available if OCT was ultimately dismissed as a party. The attachment remedy that the pending motion seeks to add should have been considered at that point.

8. Hence, Plaintiff had sufficient facts prior to the expiration of the amendment deadline that could have enabled it to seek an alternative remedy just in case the dismissal was granted. Plaintiff chose not to pursue that alternative, believing most likely that OCT would not prevail on the motion. But that errant belief is not what "good cause" means. Nor does it support a showing of diligence when all the essential facts in the proposed amendment were known to Plaintiff prior to the expiration of the amendment cutoff in the scheduling order.

9. Plaintiff takes the position that only the Court's ruling on the motion to dismiss (and then the subsequent dismissal of Plaintiff's errant appeal) gave rise to the facts underlying a Rule B attachment. But that simply is not the case. The facts were known to Plaintiff. What was not known was the legal conclusion that would follow from the parties' dueling positions based on those facts. To be fair Plaintiff sought but was denied an opportunity to obtain jurisdictional discovery to further his claim. But nevertheless nothing precluded Plaintiff from pursu-

ing a secondary alternative avenue for relief on a more timely basis in the event that the dismissal was granted. In other words, Plaintiff's state of knowledge prior to the amendment cutoff was the same as the one now. Nothing changed. Plaintiff maintained then that OCT was doing business here, while OCT claimed otherwise. Now, Plaintiff continues to maintain that OCT does business here but, because the Court disagrees, Plaintiff turns to Rule B. Plaintiff had the same opportunity to do so back in April 2014 but chose a different path. The good cause standard is not designed to remedy the effect of Plaintiff's strategic decisions.

10. We conclude that Judge Ungaro's analysis of a similar issue applies with equal force here. *See Huang v. Carnival Corp.*, Case No:12–23345–Civ–UU (S.D.Fla. Aug. 27, 2013) (denying leave to amend to include supplemental Rule B admiralty claims against former defendants as untimely where amendment was sought two months after amendment deadline). Plaintiff's attempts at distinguishing that analysis and the Court's ultimate holding are not persuasive.

11. Therefore, the motion must be Denied as untimely. As a result, we need not entertain the secondary argument that the amendment is futile.

Based on the foregoing, it is hereby **ORDERED and ADJUDGED** that Plaintiff's Motion to Amend Complaint [D.E. 62] is DENIED.